The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO.   CR04-334JCC |
| Plaintiff, ) | GOVERNMENT'S MOTION TO |
| ) | |
| CONTINUE, ) | AND TO TAKE DEPOSITIONS |
| v. ) | |
| KYLE GIANIS, ) | |
| Defendant. ) | **NOTE ON MOTION CALENDAR:** |
| _____ ) | **March 14, 2008** |

## I. <u>RELIEF REQUESTED</u>

The United States of America, by and through Jeffrey C. Sullivan, United States Attorney for the Western District of Washington, and Vincent T. Lombardi, Assistant United States Attorney for said District, moves the Court for an order granting this motion to continue the trial to a date in June, 2008, and for leave to take depositions of two essential witnesses in British Columbia, Canada.  The government further requests expedited consideration of this motion.

## II. <u>FACTUAL BACKGROUND</u>.

A.      **The Prosecution of Tsoukalas and Youngberg**.

On March 12, 2004, Tsoukalas and Youngberg attempted to cross the border from Canada at the Pacific Highway Port of Entry in Blaine, Washington in a vehicle registered

to Youngberg, but driven by Tsoukalas.  During primary inspection by United States border personnel, a blue barrel was found concealed under a black plastic bag in the trunk.  The inspector asked Tsoukalas what was in the barrel, and Tsoukalas answered "just some stuff."

The two men and their vehicle were referred to secondary inspection.  During the more thorough search of the car, a second blue barrel was also found in the trunk.  Both barrels were found to contain a white crystaline powder.  An analysis by the United States Drug Enforcement Administration laboratory showed that the powder was ephedrine.  As the Court knows, Ephedrine is a precursor chemical used to manufacture methamphetamine, and is a controlled substance in the United States.

Both men were placed under arrest, and were separated and questioned.  During questioning, both men independently identified the source of the ephedrine as Gianis.  According to both men, they were originally approached by Gianis in Canada, who asked if they were interested in moving marijuana over the border into the United States.  Tsoukalas served as the primary contact with Gianis, and approached Youngberg to assist him.  On the day of their arrest, Gianis called Tsoukalas and asked if he would instead be willing to move a quantity of ephedrine over the border.  Tsoukalas said yes, and both men ended up meeting with Gianis to pick up the barrels.

Both Tsoukalas and Youngberg were charged in this Court, and ultimately agreed to cooperate and pleaded guilty to federal offenses.  Youngberg pleaded guilty to a misprison of a felony, in violation of Title 18, United States Code, Section 4.  He was sentenced to twenty-one months incarceration on or about September 24, 2004, and has since been released and returned to Canada.

Tsoukalas was ultimately sentenced to sixty months incarceration.  He was transferred to Canada on or about September 25, 2007 pursuant to the Convention on the Transfer of Sentenced Persons.  It is the government's understanding that he was recently released from custody.

**B.    Indictment and Later Arrest of Gianis**.

Based on the information provided by defendants Tsoukalas and Youngberg, the United States sought and successfully obtained the indictment of Gianis presently before the Court.  Gianis was arrested in New York, NY in late December of last year, after he was ejected from Mexico by the Mexican government.  He was ultimately transferred to this district for trial, which is currently scheduled for March 24, 2008.  Mr. Gianis is detained pending trial, in part due to a history of criminal activity and violence in Canada.

## III. <u>ARGUMENT AND AUTHORITY</u>.

**A.    The Court Can and Should Authorize the Depositions in Canada**.

Federal Rule of Criminal Procedure 15(a) provides in pertinent part:

> Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial, the court may upon motion of such party and notice to the parties order the testimony of such witness be taken by deposition and that any designated book, paper, document, record, recording, or other material not privileged, be produced at the same time and place.

The decision of whether to grant a motion to depose a prospective witness in a criminal proceeding is discretionary.  *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998).  As noted by the Court in *Omne*, 143 F.3d at 1170: "Rule 15(a) does not require any conclusive showing of "unavailability" or "material testimony" before a deposition can be taken in a criminal case.  Rule 15(a) only requires that the trial court find that due to exceptional circumstances it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial."

Here, the witnesses are not subject to subpoena in this Court.  Both are Canadian citizens currently residing in that country.

Since Gianis' arrest, the undersigned has been in communication with Mr. Youngberg's father as well as with his counsel, Nancy Tenney of the Federal Public Defender.  Ms. Tenney has communicated to the government that Mr. Youngberg may be willing to voluntarily come to Court to testify.

GOVERNMENT'S MOTION FOR RULE 15
DEPOSITIONS/GIANIS - 3
CR04-334JCC

UNITED STATES ATTORNEY
700 STEWARD STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

However, to date the government has not been able to determine Mr. Tsoukalas' intentions.  Mr. Tsoukalas was recently released from custody.  The government has been in contact with Mr. Tsoukalas' mother, who was quite hostile.  If her attitude reflects that of her son, it is unlikely that he will testify voluntarily.  The government has also been in contact and with Mr. Tsoukalas' probation officer in Canada.

If the Court grants the motion, the government will promptly proceed with a Multilateral Legal Assistance Treaty (MLAT) request to the Canadian government, which will result in Mr. Tsoukalas being required to make himself available for a deposition. The government anticipates that the process will take approximately sixty days.

**1.     Defendant's Right to Confrontation**.

A defendant's right to a face-to-face meeting with witnesses appearing before the trier of
 fact is not absolute.  *United States v. Medjuck*, 156 F.3d 916, 919 (9th Cir. 1998).[1]
When the government is unable to obtain the presence of a witness at trial, "Rule 15 is not violated by the admission of the videotaped testimony so long as the government makes diligent efforts to secure the defendant's physical presence at the deposition and, failing this, employs procedures that are adequate to allow the defendant to take an active role in the deposition proceedings."  *Medjuck*, 156 F.3d at 920.

In *Medjuck*, where Canadian witnesses were not available for trial and were beyond the subpoena power of the United States, the government set up an elaborate system to allow Medjuck to remain in the United States, to witness the depositions in Canada by live video-feed, and to participate with his attorneys in Canada by private telephone during each of the depositions.  In the instant case, the government seeks to employ the same or similar procedures as those approved by the *Medjuck* court.  If it becomes technologically impossible to set up a live audio-video feed because that

---

[1]   In *Medjuck* the defendant was charged for his participation in an international conspiracy to import 70 tons of hashish from Pakistan to Canada and the United States.  The Ninth Circuit affirmed the trial court's decision to admit, over Medjuck's objection, videotaped testimony of two Canadian witnesses. *Medjuck*, 156 F.3d at 917-18.  *Medjuck* is indistinguishable from this case.

equipment is not available (which seems unlikely), the government will use live telephone contact enabling the defendant to take an active role in the deposition proceedings.  *See United States v. Gifford*, 892 F.2d 263, 265 (3d Cir. 1989); *United States v. Salim*, 855 F.2d 944, 950 (2d Cir. 1988).  Similar procedures have been used in other cases in this District.

Accordingly, the government requests that the motion to permit Rule 15 depositions in Canada be granted.

### 2.    Proposed Procedure for Depositions.

The government is working with the United States Marshals and the Federal Detention Center at Sea-Tac and will consult closely with defense counsel to set up a location at the detention facility at Sea-Tac where Gianis and a member of the defense team can participate in the depositions by video and/or telephone, including a private line for consultation with counsel.  The room will be neutral and Gianis will be allowed to wear civilian clothing so that his detention status will not be broadcast on the video if video is ultimately used.

In the interests of justice, the United States requests permission to take the Rule 15 depositions in Canada no later than May 23, 2008.  The government anticipates that the depositions could be completed prior to that date, but extending the deadline until May 23, 2008 will account for any unanticipated delays.  All counsel will be notified in advance of the specific date, time and location of the depositions.

**B.    Need for a Continuance of the Trial Date.**

Trial is currently set for March 24, 2008.  The processing of the MLAT request to Canada, and scheduling of the depositions cannot be completed by the current trial date. As set forth above the government estimates that the depositions should be completed by mid to late May, 2008.  Accordingly, the United States respectfully submits that trial should be continued to a date in mid-June or July, 2008, to permit the transcription of the depositions and adequate trial preparation.

GOVERNMENT'S MOTION FOR RULE 15
DEPOSITIONS/GIANIS - 5
CR04-334JCC

UNITED STATES ATTORNEY
700 STEWARD STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

The government further submits that the time between the date of this motion and the new trial date should be excluded under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(3) and 3161(h)(8)(A).  Section 3161(h)(3)(A) permits the Court to exclude any period of delay attributable to the "absence or unavailability" of an "essential witness." An essential witness is considered to be unavailable if his or her "whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial."  18 U.S.C. § 3161(h)(3)(B).  Section (h)(8)(A) also permits the Court to exclude a period of delay based on a finding that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial.

In *United States v. Hutchison*, 22 F.3d 846, 849 (9th Cir. 1993), *overruled on other grounds*, *United States v. Nash*, 115 F.3d 1431 (9th Cir. 1997), the Ninth Circuit affirmed the trial court's order continuing a trial by three months to permit the government to take the deposition of a representative of a foreign bank which had refused to send a representative to testify.  The trial Court had excluded the delay under subsection (h)(8)(A), and the Ninth Circuit affirmed.  The Court therefore declined to reach the "essential witness" ground set forth in subsection (h)(3)(B).

*Hutchison* is indistinguishable from the case at bar.  The indictment of Gianis was based primarily on the testimony of Youngberg and Tsoukalas.  This Court sentenced both young men to sentences well short of the otherwise applicable, and then mandatory, Guidelines based on their cooperation.  This prosecution cannot proceed without their testimony, which is unavailable by the current trial date.  The ends of justice outweigh defendant's and the public's interest in a speedy trial.  Accordingly, the Court should grant the motion and continue the trial to a date in mid-June, 2008, and exclude the intervening delay.[2]

---

[2]  In addition, the AUSA primarily assigned to this matter has previously scheduled out-of-state family vacation plans for the week of the current trial (which falls immediately after the Easter Holiday).  Defense counsel likewise has vacation plans for the week after this trial is set to start, and has filed a notice of unavailability to that effect.

GOVERNMENT'S MOTION FOR RULE 15
DEPOSITIONS/GIANIS - 6
CR04-334JCC

UNITED STATES ATTORNEY
700 STEWARD STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

# IV.  <u>CONCLUSION</u>

For the reasons set forth above, the United States respectfully requests that the Court grant this motion, authorize the depositions of Youngberg and Tsoukalas in Canada, and continue the trial date accordingly.

DATED this 10th day of March, 2008.

Respectfully submitted,

JEFFREY C. SULLIVAN
United States Attorney

/s Vincent T. Lombardi
VINCENT T. LOMBARDI
WSBA # 21967
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Ste. 5520
Seattle, Washington 98101
Facsimile: 206-553-4440
Phone: 206-553-5178
E-mail: vince.lombardi@usdoj.gov

1

<u>CERTIFICATE OF SERVICE</u>

2

3

    I hereby certify that on March 10, 2008, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such

4

filing to the attorney(s) of record for the defendant(s).  I hereby certify that I have served

5

the attorney(s) of record for the defendant(s) that are non CM/ECF participants via

6

telefax.

7

8

                             s/ Stephanie J. Orona

9                              STEPHANIE J. ORONA
                               Legal Assistant
10                             United States Attorney's Office
                               700 Stewart Street, Suite 5220
11                             Seattle, Washington 98101-1271
                               Phone: 206-553-4228
12                             Fax: 206-553-0755
                               E-mail: Stephanie.Orona@usdoj.gov

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28