THE HONORABLE MONICA J. BENTON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KYLE GIANIS,<br><br>Defendant. | No. CR04-334-JCC<br><br>DEFENDANT KYLE GIANIS'S MOTION FOR RECONSIDERATION OF PRETRIAL DETENTION ORDER<br><br>**EVIDENTIARY HEARING REQUESTED** |

COMES NOW the defendant, KYLE GIANIS, by and through his attorneys, John Henry Browne and Emma Scanlan, and moves this Court for a detention review hearing and an order for conditional pretrial release that will reasonably assure the appearance of the defendant and safety of the community. This motion for review and revocation of the detention order is based on the fact that Mr. Gianis never received notice that he was under indictment; rather, he discovered the investigation only upon being denied entry into Mexico due to the federal warrant for his arrest in the United States. Mr. Gianis seeks to dispose of this matter as soon as possible. Had he known that charges were pending in the United States, Mr. Gianis would have immediately responded to refute the allegations lodged against him. This motion is based on the files and records herein, and the supporting memorandum of law.

I. **FACTS RELEVANT TO MOTION**

A. <u>Background into the Charges Against Mr. Gianis</u>

On July 22, 2004, The United States District Court for the Western District of Washington issued an arrest warrant commanding the arrest of Kyle Gianis pursuant to an indictment alleging one count of Conspiracy- Possession of Ephedrine with Intent to

DEFENDANT KYLE GIANIS'S MOTION FOR
RECONSIDERATION OF DETENTION ORDER
- 1

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

Distribute, in violation of 21 U.S.C. §§ 841(c) and 846. Mr. Gianis, however, never received notice of the charge against him in the United States, had no reason to visit this country, and therefore has yet to face the pending allegation. Mr. Gianis did not make a conscious and deliberate decision to avoid U.S. jurisdiction; instead, he was completely unaware that the charge even existed and continued with his normal life.

The charge against Mr. Gianis stems from an incident on March 12, 2004, when U.S. Customs Service agents discovered approximately fifty kilograms of ephedrine in two drums located in the trunk of a vehicle occupied by Adam Tsoukalas and David Youngberg. During questioning by the Immigrations and Customs Enforcement ("ICE") officers, Tsoukalas related that he was going to meet "Kyle Ganis" at the Bellis Fair in Bellingham and then go to dinner together. He revealed no incriminating information in relation to Mr. Gianis.

Youngberg, on the other hand, stated that he and Tsoukalas were going to meet "Kyle Guiness" at the Bellis Fair. Youngberg claimed that he and Tsoukalas were both present that afternoon when Kyle loaded the barrels containing the ephedrine into the vehicle and that they were paid to bring the barrels across the border. Youngberg denied knowing the contents of the barrels, but conceded that he had a strong feeling that the materials were illegal. Youngberg further alleged that Kyle was going to pay for the transport service, but could not affirmatively say how much.

On May 15, 2004, Tsoukalas furnished the government with a proffer in which he claimed that Mr. Gianis was responsible for loading the barrels of ephedrine into the vehicle. Tsoukalas thereby avoided a ten year mandatory minimum sentence by implicating Mr. Gianis. Mr. Gianis was not in the vehicle transporting the ephedrine and there is no physical evidence connecting Mr. Gianis with the ephedrine.

On June 15, 2004, Tsoukalas, pursuant to a sealed Rule 11 plea bargain, pleaded guilty of one count of Conspiracy to Possess and Distribute Ephedrine.

Also on June 15, 2004, Youngberg entered into a sealed Rule 11 plea bargain in which he pleaded guilty to one count of misprision of felony.

**B.     The Circumstances of Mr. Gianis's Arrest**

On December 28, 2007, Mr. Gianis arrived in Cancun, Mexico for a vacation, but the Mexican authorities denied his entry due to the warrant for his arrest in the United

DEFENDANT KYLE GIANIS'S MOTION FOR
RECONSIDERATION OF DETENTION ORDER
- 2

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

States. The Mexican officials then placed Mr. Gianis on the next flight out of Cancun, Mexico- Jet Blue flight #B6762 to JFK International in New York. The ICE attaché in Mexico then contacted the ICE office at JFK about Mr. Gianis's impending arrival as well as background information.

When Jet Blue flight #B6762 arrived at JFK at 5:30 a.m., ICE agents were waiting for Mr. Gianis. The agents checked the passports of all the passengers in order to identify Mr. Gianis and then effectuated arrest after contact. When the ICE agents informed Mr. Gianis that he was being arrested pursuant to an arrest warrant from the Western District of Washington for conspiracy to distribute ephedrine, Mr. Gianis said something along the lines of: "I know about those guys getting arrested and clearly they are just trying to blame it on me."

Mr. Gianis was initially detained at the MDC facility in New York. His case was then removed to the Western District of Washington, where he has since been arraigned and detained pending trial pursuant to a hearing on February 6, 2008. Mr. Gianis entered a plea of not guilty.

### C. Events Since Arraignment and Detention

Subsequent to arraignment and detention, the government expressed its intention to travel to Canada in order to try to perpetuate the testimony of Youngberg and Tsoukalas. Youngberg, however, suffers a mental disorder or disease, which was crucial towards the lenient plea bargain and sentence he received in relation to the crime initially charged. He is no longer in custody. According to the government, Youngberg at best "may be willing to voluntarily appear and testify, although he is less than enthusiastic about the prospect." Decl. of AUSA Vincent T. Lombardi, at Dkt. 14 at ¶7.

Tsoukalas was recently released from custody as well. When the government contacted his family to ask of Mr. Tsoukalas's whereabouts, Tsoukalas's mother told the government in no uncertain terms that Mr. Tsoukalas would offer no further assistance. Tsoukalas's mother pointed out that Mr. Tsoukalas has already served his time and fulfilled his obligations- he owes no debt to the government and is unwilling to assist the government pursue charges against Mr. Gianis. According to the government, Tsoukalas's mother "accus[ed] the United States government of having ruined her son's

DEFENDANT KYLE GIANIS'S MOTION FOR
RECONSIDERATION OF DETENTION ORDER
- 3

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

life." Id, at ¶8. The government asked Ms. Tsoukalas to contact her son and have him contact the government; this has yet to happen and is unlikely to do so.

### D. Mr. Gianis's Personal Characteristics

Mr. Gianis has no criminal history in the United States, no criminal convictions in his home country of Canada, and has a full-time, well-paying job with his fiancé's father. In addition, Mr. Gianis resides with his fiancé, who also works full-time, in a family-oriented neighborhood in a house they own together and make mortgage payments on. They have two dogs and are working hard to make a wonderful home and life together. Mr. Gianis, moreover, has the full support of his family and lives in the same area as most of his immediate family members. Mr. Gianis's uncle, who lives in Arizona, has also volunteered to assist ensure that Mr. Gianis return for trial should the Court grant conditional release. See Ex. A, Letters of Support from Family.

## II. ARGUMENT

Given Mr. Gianis's lack of any criminal history in the United States, his lack of any criminal convictions in his home country of Canada, the weak allegations against Mr. Gianis, the lack of physical evidence connecting Mr. Gianis to the charged offense, Mr. Gianis's stable employment, and the strong support from Mr. Gianis's family, the Court should order Mr. Gianis's conditional release pending trial.

Traditionally, federal law has provided that a person arrested for a non-capital offense "shall be admitted to bail." United States v. Townsend, 897 F.2d 989, 993 (9th Cir. 1990). The Bail Reform Act of 1984, 18 U.S.C. §§ 3141, et seq., thus mandates the release of the suspect unless no condition, or the least restrictive combination thereof, will "reasonably assure" both the appearance of the person as required as well as the safety of the community. United States v. Ward, 63 F.Supp.2d 1203, 1207 (C.D.Cal. 1999); see 18 U.S.C. § 3142(c)(2); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991). Only in rare circumstances should courts deny release. Id.; Townsend, 897 F.2d at 993. Doubts regarding the propriety of release should be resolved in favor of release. Id.; Gebro, 948 F.2d at 1121.

With respect to the rebuttable presumption in favor of detention pursuant to 18 U.S.C. § 3142(e), the defendant must produce only "some evidence" that he is not a flight risk and does not pose a danger to the community in order to rebut the presumption.

DEFENDANT KYLE GIANIS'S MOTION FOR
RECONSIDERATION OF DETENTION ORDER
- 4

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

United States v. Chen, 820 F.Supp. 1205, 1207 (N.D.Cal. 1992); United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991) (burden placed on the defendant to rebut the presumption is small). Once the defendant offers some evidence in rebuttal, the presumption simply "retains evidentiary weight, and 'the precise weight to be given the presumption' is a matter that the judicial officer is to consider 'within the framework of factors set out in § 3142(g).'" Ward, 63 F.Supp.2d at 1209 (quoting United States v. Jessup, 757 F.2d 378, 387 (1st Cir. 1985)).

The government, consequently, cannot rely solely upon the presumption to obtain pretrial detention, but rather must present to the court sufficient information pertaining to the relevant enumerated factors to actively persuade the court that the equities balance in favor of detention. Throughout the detention proceedings, the burden on the government remains one of persuasion by clear and convincing evidence. United States v. Clark, 791 F.Supp. 259, 260 (E.D. Wash. 1992).

On appeal, or on a motion to reconsider, a court reviews the "[f]actual findings underlying a district court's pretrial release or detention order, including whether a defendant is a flight risk or a danger to the public ... under the clearly erroneous standard, 'coupled with an independent review of the facts, the findings, and the record to determine whether the order may be upheld.'" United States v. Fidler, 419 F.3d 1026, 1029 (9th Cir. 2006); see also Gebro, 948 F.2d at 1121. Accordingly, the court must "make an independent examination of the record to determine whether the pretrial detention order is consistent with the defendant's constitutional and statutory rights and arrive at [the] conclusion *de novo*." Townsend, 897 F.2d at 994.

In this case, as described below, Mr. Gianis's lack of awareness of the charge against him, stable employment, unflinching family support, and Mr. Gianis's desire to face the charges against him in order to clear his name are more than sufficient to rebut the presumption of detention in this case.

### A. Information Unavailable at the Initial Detention Hearing

As defense counsel became involved in this case only immediately prior to Mr. Gianis's arraignment and detention hearing, Mr. Gianis was unable to fully present his argument in favor of conditional release. The Court should therefore grant another hearing in which Mr. Gianis can present additional evidence, particularly the strong

DEFENDANT KYLE GIANIS'S MOTION FOR
RECONSIDERATION OF DETENTION ORDER
- 5

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

letters of support from his family and the fact that the government has neither physical evidence nor material cooperating witnesses implicating Mr. Gianis.

A court may reopen a detention hearing at any time before trial "if new information is discovered that has 'a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.'" United States v. Strong, 489 F.3d 1055, 1060 (9th Cir. 2007); see also Ward, 63 F.Supp.2d at 1206; 18 U.S.C. § 3142(f).

In Ward, the defendant sought review of a Detention Order on the specific ground that several immediate family members who were unavailable at the initial detention hearing stepped forward to assure his appearance at trial. Id. The court held that although the defendant's family and relatives were obviously known to him at the time of his detention hearing, it was difficult for the defendant to secure their attendance on very short notice. The court found it relevant whether all of the relatives were contacted and available for the detention hearing and which relatives received notice; if not everyone received notice, they were unknown at the time of the initial hearing. Id. at 1206-07.

Ward, therefore, is directly analogous to the situation presented here: after an initial determination of detention, the court reopened the detention issue because additional members of the defendant's family came forward to ensure the defendant's appearance at trial. Here, as Mr. Gianis's family has had the time to compose letters to the Court detailing his community ties, financial resources, and economic and family stability, the Court should reconsider its determination of detention. See Ex. A.

**B.   Risk of Flight**

Mr. Gianis is not a flight risk- he was unaware of the charges against him in the Western District of Washington and is now ready to face the allegations lodged by the admittedly guilty co-defendants and clear his name. In addition, Mr. Gianis's family has written numerous letters in support of his pretrial release, thereby further militating against any assertion that Mr. Gianis is a flight risk.

The government bears the burden of proving, by a clear preponderance of the evidence, that there is no condition of release, or combination of conditions, that will

DEFENDANT KYLE GIANIS'S MOTION FOR
RECONSIDERATION OF DETENTION ORDER
- 6

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

reasonably assure the defendant's appearance at trial if he is released on bond. United States v. Motamedi, 767 F.2d 1403, 1406-07 (9th Cir.1985). However, "reasonably assure the appearance" of the defendant has not been construed to require an ironclad guarantee against flight. Ward, 63 F.Supp.2d at 1211; United States v. Portes, 786 F.2d 758, 764 n. 7 (7th Cir. 1985); United States v. Fortna, 769 F.2d 243, 250 (5th Cir. 1985); United States v. Orta, 760 F.2d 887, 891-92 (8th Cir.1985).

Although Mr. Gianis is a Canadian citizen, "alienage does not by itself 'tip the balance either for or against detention.'" Townsend, 897 F.2d at 994 (citing Montamedi, 767 F.2d 1408. In addition, the mere "opportunity" to flee is not enough to justify detention. United States v. Chen, 820 F.Supp. at 1208; United States v. Himler, 797 F.2d 156, 162 (3d Cir. 1986). Finally, as Mr. Gianis has a full-time, well-paying job with his soon-to-be father-in-law and owns and pays the mortgage on a house with his fiancé, Mr. Gianis's home life is extremely stable so that he is not a flight risk. See Ex. A.

As the government has failed to fulfill its burden of affirmatively proving that Mr. Gianis is a flight risk, the Court should reopen the detention hearing and order Mr. Gianis's conditional release.

### C. Danger to the Community

In contrast to assertions by the government, Mr. Gianis is not a danger to the community. Mr. Gianis has no criminal history in the United States; he has an uncle in Arizona who is willing to vouch for Mr. Gianis's intention to return to court for trial; and Mr. Gianis also has additional family in Canada who have provided letters detailing his stable family and employment circumstances. See Ex. A. The charges against Mr. Gianis, moreover, are at this stage of the proceedings merely allegations lacking any corroboration: "The government's burden of proof is not trivial" and it "must point to more than the indictment to justify detention"; the government "must prove by clear and convincing evidence that the defendant poses a danger to the community." United States v. Chen, 820 F.Supp. at 1208 (citing Gebro, 948 F.2d at 1121).

Given the paucity of evidence in support the government's assertions that Mr. Gianis's was involved in any criminal activity in the United States, the Court should reconsider its determination.

DEFENDANT KYLE GIANIS'S MOTION FOR
RECONSIDERATION OF DETENTION ORDER
- 7

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

It is of great significance that Mr. Gianis has the support of his family in facing the charges against him. The defendant's father, mother, sister, girlfriend, and uncle have now provided letters to the Court expressing their support of Mr. Gianis. See Ex. A. With their supervision and their unwavering support, Mr. Gianis can be safely released into the community subject to the conditions proposed by the defense. Should the Court release Mr. Gianis into the custody of his family- subject to electronic home monitoring- he will not pose a danger to the community.

The government basically filed charges against Mr. Gianis based solely on stale, three year old testimony from two witnesses, both of whom were caught "red-handed" with large amounts of ephedrine. The Court should not credit the overblown allegations relied upon by the government in its exuberance to detain and prosecute Mr. Gianis. He is neither a flight risk nor a danger to the community; the Court should therefore order his conditional release pending trial.

### III.   CONCLUSION

For the reasons stated above, the defense respectfully requests that the Court order a detention review hearing and conditionally release Mr. Gianis pending trial; the defendant has overcome the rebuttable presumption of detention and the Government has failed to prove by clear and convincing evidence that there is no combination of conditions that will reasonable assure the defendant's appearance and the safety of the community.

RESPECTFULLY SUBMITTED this 14th day of March, 2008.

s/ John Henry Browne
JOHN HENRY BROWNE, WSBA #4677
Attorney for Defendant
821 Second Avenue, Suite 2100
Seattle, Washington 98104
206-388-0777 fax: 206-388-0780
e-mail: johnhenry@jhblawyer.com

DEFENDANT KYLE GIANIS'S MOTION FOR
RECONSIDERATION OF DETENTION ORDER
- 8

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2008 I electronically filed Defendant Weldon Marc Gilbert's Motion for Reconsideration of Detention Order with the clerk of the court using the CM/ECF system which will send notification of such filing to the attorneys of record for the defendant and the government.

Dated this 14th day of March, 2008.

                                            s/ Lisa A. Earnest
                                            Lisa A. Earnest, Paralegal
                                            JOHN HENRY BROWNE, #4677
                                            Counsel for the Defense
                                            821 Second Avenue, Suite 2100
                                            Seattle, Washington 98104
                                            Phone: 206-388-0777
                                            Fax: 206-388-0780
                                            Email: lisa@jhblawyer.com

DEFENDANT KYLE GIANIS'S MOTION FOR
RECONSIDERATION OF DETENTION ORDER
- 9

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780