THE HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>vs.<br><br>KYLE GIANIS,<br><br>                              Defendant. | No.  CR04-334-JCC<br><br>DEFENDANT KYLE GIANIS'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO CONTINUE TRIAL AND TO TAKE DEPOSITIONS |

COMES NOW the defendant, KYLE GIANIS, by and through undersigned counsel, and moves this Court to deny the government's Motion to Continue Trial and to Take Depositions as untimely and unreasonable.  This response in opposition is premised on the fact that the government had ample time to perpetuate the testimony of the two prospective witnesses so that the government's attempt to take depositions at this point is unreasonable, especially given that the government is simultaneously trying to circumvent Mr. Gianis's Sixth Amendment right to speedy trial.  The government should have moved to perpetuate testimony as soon as Mr. Gianis was arrested, not now, a mere two weeks prior to trial.

In addition, Mr. Tsoukalas was recently released from his term of imprisonment; Mr. Gianis was arrested in late December.  Mr. Tsoukalas, therefore, was still in custody when Mr. Gianis became subject to United States jurisdiction so that the government should have perpetuated his testimony at that time.  Given the government's failure to perpetuate the testimony of the witnesses, coupled with the fact that Youngberg might testify voluntarily, the government can prove neither "exceptional circumstances" nor

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

reasonableness. The Court should therefore deny the government's Motion to Continue Trial and to Take Depositions.

This motion in opposition is based on the files and records herein, and the supporting memorandum of law.

## I.    FACTS RELEVANT TO MOTION

### A.    Background into the Charges Against Mr. Gianis

On July 22, 2004, The United States District Court for the Western District of Washington issued an arrest warrant commanding the arrest of Kyle Gianis pursuant to an indictment alleging one count of Conspiracy- Possession of Ephedrine with Intent to Distribute, in violation of 21 U.S.C. §§ 841(c) and 846. Mr. Gianis, however, never received notice of the charge against him in the United States, had no reason to visit this country, and therefore has yet to face the pending allegation. Mr. Gianis did not make a conscious and deliberate decision to avoid U.S. jurisdiction; instead, he was completely unaware that the charge even existed and continued with his normal life.

The charge against Mr. Gianis stems from an incident on March 12, 2004, when U.S. Customs Service agents discovered approximately fifty kilograms of ephedrine in two drums located in the trunk of a vehicle occupied by Adam Tsoukalas and David Youngberg. During questioning by the Immigrations and Customs Enforcement ("ICE") officers, Tsoukalas related that he was going to meet "Kyle Ganis" at the Bellis Fair in Bellingham and then go to dinner together. He revealed no incriminating information in relation to Mr. Gianis.

Youngberg, on the other hand, stated that he and Tsoukalas were going to meet "Kyle Guiness" at the Bellis Fair. Youngberg claimed that he and Tsoukalas were both present that afternoon when Kyle loaded the barrels containing the ephedrine into the vehicle and that they were paid to bring the barrels across the border. Youngberg denied knowing the contents of the barrels, but conceded that he had a strong feeling that the materials were illegal. Youngberg further alleged that Kyle was going to pay for the transport service, but could not affirmatively say how much.

On May 15, 2004, Tsoukalas furnished the government with a proffer in which he claimed that Mr. Gianis was responsible for loading the barrels of ephedrine into the vehicle. Tsoukalas thereby avoided a ten year mandatory minimum sentence by

DEFENDANT KYLE GIANIS'S RESPONSE IN
OPPOSITION TO THE GOVERNMENT'S
MOTION TO CONTINUE TRIAL AND TO TAKE
DEPOSITIONS- 2

LAW OFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

implicating Mr. Gianis.  Mr. Gianis was not in the vehicle transporting the ephedrine and there is no physical evidence connecting Mr. Gianis with the ephedrine.

On June 15, 2004, Tsoukalas, pursuant to a sealed Rule 11 plea bargain, pleaded guilty to one count of Conspiracy to Possess and Distribute Ephedrine.  He received a sentence of 60 months.

Also on June 15, 2004, Youngberg entered into a sealed Rule 11 plea bargain in which he pleaded guilty to one count of misprision of felony.  He received a sentence of 21 months.

### B.    The Circumstances of Mr. Gianis's Arrest

On December 28, 2007, Mr. Gianis arrived in Cancun, Mexico for a vacation, but the Mexican authorities denied his entry due to the warrant for his arrest in the United States.  The Mexican officials then placed Mr. Gianis on the next flight out of Cancun, Mexico- Jet Blue flight #B6762 to JFK International in New York.  The ICE attaché in Mexico then contacted the ICE office at JFK about Mr. Gianis's impending arrival as well as background information.

When Jet Blue flight #B6762 arrived at JFK at 5:30 a.m., ICE agents were waiting for Mr. Gianis.  The agents checked the passports of all the passengers in order to identify Mr. Gianis and then effectuated arrest after contact.  When the ICE agents informed Mr. Gianis that he was being arrested pursuant to an arrest warrant from the Western District of Washington for conspiracy to distribute ephedrine, Mr. Gianis said something along the lines of: "I know about those guys getting arrested and clearly they are just trying to blame it on me."

Mr. Gianis was initially detained at the MDC facility in New York.  His case was then removed to the Western District of Washington, where he has since been arraigned and detained pending trial pursuant to a hearing on February 6, 2008.  Mr. Gianis entered a plea of not guilty.

### C.    Events Since Arraignment and Detention

Subsequent to arraignment and detention, the government expressed its intention to travel to Canada in order to try to perpetuate the testimony of Youngberg and Tsoukalas.  Youngberg, however, suffers a mental disorder, which was a crucial element in the lenient plea bargain and sentence he received.  Youngberg is no longer in custody.

DEFENDANT KYLE GIANIS'S RESPONSE IN
OPPOSITION TO THE GOVERNMENT'S
MOTION TO CONTINUE TRIAL AND TO TAKE
DEPOSITIONS- 3

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

According to the government, Youngberg at best "may be willing to voluntarily appear and testify, although he is less than enthusiastic about the prospect." Decl. of AUSA Vincent T. Lombardi, at Dkt. 14 at ¶7.

Tsoukalas was recently released from custody as well- after Mr. Gianis was arrested in New York. When the government contacted Tsoukalas's family to inquire as to Mr. Tsoukalas's whereabouts, Tsoukalas's mother told the government in no uncertain terms that Mr. Tsoukalas would offer no further assistance. Tsoukalas's mother pointed out that Mr. Tsoukalas has already served his time and fulfilled his obligations- he owes no debt to the government and is unwilling to assist the government pursue charges against Mr. Gianis. According to the government, Tsoukalas's mother "accus[ed] the United States government of having ruined her son's life." Id. at ¶8. The government asked Ms. Tsoukalas to contact her son and have him contact the government; this has yet to happen and is unlikely to do so.

## II.   ARGUMENT AND AUTHORITY

### A.   The Court Should Not Authorize the Government to Take Depositions in Canada.

"Depositions, particularly those taken in foreign countries, are generally disfavored in criminal cases." United States v. Siddiqui, 235 F.3d 1318, 1323 (11th Cir. 2000). Depositions in criminal cases are authorized only "when doing so is necessary to achieve justice and may be done consistent with the defendant's constitutional rights." Id. See Fed. R. Crim. P. 15(a).

The relevant part of current Federal Rule of Criminal Procedure 15(a)(1) states: "A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." The party seeking to take a Rule 15 deposition must therefore "make a showing of 'exceptional circumstances' as required by Rule 15(a)(1)." United States v. Lai Fa Chen, 214 F.R.D. 578, 579 (N.D.Cal. 2003).

While a district court retains broad discretion under Rule 15, the court must nevertheless separately consider the facts of each case "to determine whether the exceptional circumstances contemplated by Rule 15(a) exist." United States v. Olafson, 213 F.3d 435, 442 (9th Cir. 2000). "Ordinarily, exceptional circumstances exist when the

DEFENDANT KYLE GIANIS'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO CONTINUE TRIAL AND TO TAKE DEPOSITIONS- 4

LAW OFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

prospective deponent is unavailable for trial and the absence of the testimony would result in an injustice." United States v. Sanchez-Lima, 161 F.3d 545, 548 (9th Cir. 1998). Relevant factors include "whether the deponent would be available at the proposed location for deposition and would be willing to testify." Olafson, 213 F.3d at 442.

1. Youngberg is available.

As prospective witness Youngberg is in fact available, the government cannot fulfill its burden of proving "exceptional circumstances" so that the Court should not authorize his deposition. According to the government, Youngberg "may be willing to voluntarily appear and testify," even if he is unenthusiastic about the prospect. Decl. of AUSA Vincent T. Lombardi at Dkt. 14 ¶7. Furthermore, Mr. Gianis has been under United States jurisdiction since the end of 2007; the government, however, unreasonably waited until now, just before trial, to seek to perpetuate Youngberg's testimony. Given Youngberg's availability for trial and the government's failure to move to depose Youngberg in a timely manner- so as to not implicate Mr. Gianis's right to speedy trial- the Court should not permit the government to depose Youngberg at this juncture, especially in a foreign country.

2. The government should have perpetuated Tsoukalas's testimony in the time between his release from incarceration and Mr. Gianis's arrest; the government's current efforts on the eve of trial are therefore unreasonable.

As Mr. Tsoukalas was still incarcerated when Mr. Gianis was arrested in New York, the government should have moved to perpetuate his testimony at that time, not now that Mr. Gianis's right to speedy trial is implicated. In addition, the government does not know of Mr. Tsoukalas's whereabouts or whether Mr. Tsoukalas is even willing to attend a deposition. The government is thus requesting the Court to sacrifice Mr. Gianis's right to speedy trial and order a disfavored criminal deposition in a foreign country so that it may engage in a fishing expedition based on conjecture and speculation. This is not the type of "exceptional circumstances" contemplated by Rule 15.

Under Federal Rule of Evidence 804(a)(5), a declarant is unavailable as a witness if he "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance ... by process or other *reasonable means.*" United States v. Yida, 498 F.3d 952 (9th Cir. 2007) (emphasis in original). These reasonable

DEFENDANT KYLE GIANIS'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO CONTINUE TRIAL AND TO TAKE DEPOSITIONS- 5

LAW OFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

means must be "genuine and bona fide." Id.; cf. Phillips v. Wyrick, 558 F.2d 489, 494 (8th Cir. 1977) (requiring a good faith effort as a component of the Sixth Amendment right to confrontation). Prosecutors must not only act in good faith but also operate competently, for "a prosecutor cannot claim that a witness is unavailable because the prosecutor has acted in an 'empty-head pure-heart' way." Id. See Fed. R. Civ. P. 11, Advisory Committee's Note; United States v. Wilson, 36 F.Supp.2d 1177, 1180 (N.D.Cal.1999) ("The central constitutional inquiry is whether or not the government's actions were reasonable given all the circumstances of a particular case."). Thus, "[e]ven where the absent witness is beyond the court's jurisdiction, 'the government must show diligent effort on its part to secure the [witness'] voluntary return to testify.'" Id. (citing United States v. Mann, 590 F.2d 361, 367 (1st Cir.1978)).

In Yida, the court held that the government's decision to deport a witness without taking a video deposition and without ensuring any means of compelling the witness's return for trial was unreasonable.  498 F.3d at 960.  The case at bar is analogous: Tsoukalas was incarcerated when Mr. Gianis was arrested, but the government failed to perpetuate his testimony before his release so that now, two weeks before trial, the government is attempting to accomplish what it should have already done.  The government should have moved to take Tsoukalas's deposition as soon as Mr. Gianis was arrested, not now just prior to trial.  The government's efforts are therefore unreasonable and the Court should deny the government's motion.

In assessing the "reasonable means" the government is required to take, the Yida Court held that "[i]mplicit ... in the duty to use reasonable means to procure the presence of an absent witness is the duty to use reasonable means to prevent a present witness from becoming absent." Id at 955. See Mann, 590 F.2d at 368. The Court held further that the "Supreme Court has never extended the concept of unavailability to the point where the government seeks to extend it here- that is, to find a witness unavailable when the government itself shares some of the responsibility for its inability to produce the witness at trial." Id. at 956. Rather, the introduction of prior testimony against a criminal defendant must be derived from "the necessities of the case." Id. (citing Mattox v. United

DEFENDANT KYLE GIANIS'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO CONTINUE TRIAL AND TO TAKE DEPOSITIONS- 6

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

States, 156 U.S. 237, 243 (1895).[1] "Necessity" connotes that "the declarant's inability to give live testimony is *in no way the fault of the State.*" Id. (quoting California v. Green, 399 U.S. at 149, 166 (1970) (emphasis added).

While the government in Yida argued that its actions were subject to scrutiny only during the period before trial and after the witness was deported, the court found little merit: "[O]nce a witness has been deported, '[a]ny steps taken thereafter ... were inevitably too little too late,' when the witness was no longer within the court's jurisdiction or the government's reach." Id. (quoting United States v. Wilson, 36 F.Supp.2d 1177, 1182 (N.D. Cal. 1999)). The court found, moreover, that despite certain assurances by the witness that he would return for trial, the government acted unreasonably and should have pursued an alternate course of action. Id at 957-59.

Most importantly, the Yida Court found that the government should have moved to take a video deposition before deporting the witness and that the government's failure to do so was unreasonable. Id at 959-60. Especially "[w]here, as here, the testimony plays a significant role in the Government's case, the standard of reasonableness is further heightened because the accused's Confrontation Clause rights are strengthened." Id at 960. The Yida Court summarized: "the government's decision to deport [the witness]without informing either the court or ... counsel, without taking a video deposition, and without having any means of compelling his return, was not reasonable, particularly when contrasted with the alternatives available to the government." Id.

Analogously, here, the government knew Tsoukalas was in custody when Mr. Gianis was arrested and did nothing to perpetuate his testimony. Instead, the government waited until two weeks before trial before attempting to perpetuate the testimony of the government's only two primary witnesses, without whom there is no case. As Yida makes abundantly clear, the reasonableness of the government's efforts includes the circumstances under which the prospective witness departed United States jurisdiction. If the government bears any complicity, there is no necessity and no "exceptional

---

[1] "The primary object of the [Confrontation Clause] was to prevent depositions ... being used against the prisoner in lieu of a personal examination and cross-examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." Mattox, 156 U.S. at 242-43 (quoted in Yida, 498 F.3d at 951-52).

DEFENDANT KYLE GIANIS'S RESPONSE IN
OPPOSITION TO THE GOVERNMENT'S
MOTION TO CONTINUE TRIAL AND TO TAKE
DEPOSITIONS- 7

LAW OFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

circumstances." As Tsoukalas was still serving his sentence when Mr. Gianis was arrested, it is unreasonable to move to take a deposition now when the government could have much more easily accomplished the same prior to Tsoukalas's release.

In addition, "exceptional circumstances" encompasses "unavailability, good faith effort to obtain the witnesses' presence at trial ... whether the movant had demonstrated that the expected testimony would be favorable ... and whether the deponents would be available for deposition and willing to testify." United States v. Zuno-Arce, 44 F.3d 1420, 1425 (9th Cir. 1995). In Zuno-Arce, the court denied a request to take depositions in Mexico because the movant "made an insufficient showing that the witnesses would be unavailable to testify at trial, that they would testify to something relevant at depositions in Mexico, and that there was sufficient justification for making such a motion so close to trial." Id. at 1424. In its determination that the depositions were unwarranted, the court found it highly relevant that none of the witnesses volunteered to testify at the deposition and that some of the witnesses expressed a firm conviction to not cooperate in any manner. Id. at 1425.

Given that the government has no idea whether Tsoukalas would be willing to participate in a deposition- or even his current whereabouts- in conjunction with the statement by Tsoukalas's mother that Tsoukalas wants to have nothing further to do with the United States legal system, the government is requesting a continuance based on an overly optimistic and unrealistic hope that Tsoukalas will relent and testify. The reality is that Tsoukalas is beyond the scope of compulsory process and does not want to participate in a deposition. The government's efforts to continue trial to take a deposition in which the purported deponent probably will not participate is manifestly unreasonable and the Court should therefore deny the government's motion.

Finally, the government asserts that if the Court grants the motion, the government will proceed to make a request under the Treaty with Canada on Mutual Legal Assistance in Criminal Matters (MLAT), "which will result in Mr. Tsoukalas being required to make himself available for a deposition." Govt. Mot. at 4. The truth of the matter is that the process is not so simple: Article V delineates certain "Limits on Compliance" while under Article XII, a person requested to testify "*may* be compelled ...

LAW OFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

in accordance with the law of the Requested State." Consequently, there is no guarantee that Tsoukalas will have to testify even if the Court grants the motion.

In fact, the government cites to <u>United States v. Medjuck</u>, 156 F.3d 916 (9th Cir. 1998), for the proposition that Canadian witnesses beyond the subpoena power of the United States can participate in a video deposition. The government, however, misses the fundamental point that the Canadian witnesses agreed to participate in the proceedings, whereas Tsoukalas has not provided the same sentiment. The argument in <u>Medjuck</u> involved the Confrontation Clause and the validity of the video procedures instituted by the government, not the propriety of the authorization to take depositions in a foreign country. The <u>Medjuck</u> witnesses, moreover, were never in United States custody. <u>Medjuck</u> is thus clearly distinguishable.

As the government's motion is untimely, unreasonable, and unlikely to produce results, the Court should not permit the government to circumvent Mr. Gianis's right to speedy trial on the whimsical notion that an uncooperative witness will suddenly decide to participate.

**B.    Because the Government Cannot Establish the "Exceptional Circumstances" Required as a Predicate to Taking Rule 15 Depositions, a Continuance Would Violate Mr. Gianis's Right to Speedy Trial.**

Similarly, because the government cannot prove the "exceptional circumstances" requisite to Rule 15 depositions, there is no basis for the Court to grant a continuance. Additionally, under 18 U.S.C. § 3161(h)(3)(b), an essential witness is unavailable only when "his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." First, it is unclear whether the government actually knows Mr. Tsoukalas's current location.   Second, if the government had acted with due diligence, it would have moved to take the depositions as soon as Mr. Gianis was arrested in New York, not more than two months later and just two weeks before trial.

According to the government, "it takes approximately sixty days to fully process a request to compel the depositions in Canada of the two witnesses." Decl. of AUSA Vincent T. Lombardi at Dkt. 14 at ¶11. If the government had moved to take depositions when Mr. Gianis was arrested in late December, therefore, the government probably

DEFENDANT KYLE GIANIS'S RESPONSE IN
OPPOSITION TO THE GOVERNMENT'S
MOTION TO CONTINUE TRIAL AND TO TAKE
DEPOSITIONS- 9

LAW OFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

1   already would have completed the process.  The government's disingenuous maneuver at

2   this time to circumvent Mr. Gianis's right to speedy trial to take depositions which could

3   already have been accomplished is simply unreasonable and against the interests of
    justice.

4       Moreover, the case the government cites for the proposition that foreign

5   depositions can exclude the period of delay under the Speedy Trial Act again involves

6   willing deponents, not an uncooperative witness.  See United States v. Hutchinson, 22
    F.3d 846, 849 (9th Cir. 1993), overruled on other grounds, United States v. Nash, 115

7   F.3d 1431 (9th Cir. 1997)).  In Hutchinson, the court permitted the government to depose

8   a bank in England because the bank refused to send a representative to testify at trial.  Id.
    The opinion is relatively brief, but the court nevertheless found that "specific factual

9   circumstances" warranted the continuance.

10      Hutchinson is therefore inapposite to the case at bar insofar as it involved

11  potential deponents, in a known location, willing to participate in a deposition.  The trial
    judge conducted a "lengthy and searching inquiry" and found that the equities mandated

12  the deposition.  Id.  Here, on the other hand, the government has had ample opportunity

13  to move for depositions for more than two months.  Especially given that the testimony

14  by Youngberg and Tsoukalas is the entirety of the government's case against Mr. Gianis,

15  the government cannot now request a continuance in the interests of justice when that
    request would eviscerate Mr. Gianis's right to speedy trial and implicate his right to

16  confrontation.

17      As the government is well aware that it cannot proceed without the requested

18  testimony, the government should have made a timely motion for depositions, not a last
    minute stab at Mr. Gianis's right to speedy trial.  The Court should thus find that there are

19  no grounds for granting a continuance and deny the government's motion.

20  **III.    Conclusion**

21      For the reasons stated above, the defendant respectfully requests that the Court
    deny the government's Motion to Continue and to Take Depositions as an untimely,

22  unreasonable infringement upon Mr. Gianis's right to speedy trial.

23

24  //

DEFENDANT KYLE GIANIS'S RESPONSE IN
OPPOSITION TO THE GOVERNMENT'S
MOTION TO CONTINUE TRIAL AND TO TAKE
DEPOSITIONS- 10

RESPECTFULLY SUBMITTED this 14th day of March, 2008.

s/ John Henry Browne
JOHN HENRY BROWNE, WSBA #4677
Attorney for Defendant
821 Second Avenue, Suite 2100
Seattle, Washington 98104
206-388-0777 fax: 206-388-0780
e-mail: johnhenry@jhblawyer.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2008 I electronically filed Defendant Kyle Gianis's Response in Opposition to the Government's Motion to Continue Trial and to Take Depositions with the clerk of the court using the CM/ECF system which will send notification of such filing to the attorneys of record for the defendant and the government.

Dated this 14th day of March, 2008.

s/ Lisa A. Earnest
Lisa A. Earnest, Paralegal
JOHN HENRY BROWNE, #4677
Counsel for the Defense
821 Second Avenue, Suite 2100
Seattle, Washington 98104
Phone: 206-388-0777
Fax: 206-388-0780
Email: lisa@jhblawyer.com

DEFENDANT KYLE GIANIS'S RESPONSE IN
OPPOSITION TO THE GOVERNMENT'S
MOTION TO CONTINUE TRIAL AND TO TAKE
DEPOSITIONS- 11

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780