UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR04-334-JCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DENYING REQUEST TO |
| | ) | REOPEN DETENTION HEARING |
| KYLE GIANIS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant Kyle Gianis is charged by Indictment with one count of Conspiracy - Possession of ephedrine with the Intent to Distribute in violation of title 21, U.S.C. Section 841(c) and 846. (Dkt. 1.)  The Honorable Monica J. Benton, United States Magistrate Judge, conducted a detention hearing on February 6, 2008, following which defendant was ordered detained. (Dkt. 9.)

Now before the Court is defendant's Motion for Reconsideration of Pretrial Detention Order. (Dkt. 15.) The Honorable John C. Coughenour referred the motion to the undersigned. (Dkt. 17.) The Court finds this motion appropriate for resolution without oral argument, and without the necessity of a response from the United States.

ORDER DENYING REQUEST TO
REOPEN DETENTION HEARING
PAGE -1

01    Defendant moves for "reconsideration"[1] of the pretrial detention order, although the relief

02 sought is to reopen the hearing as set forth in 18 U.S.C. § 3142(b)(2)(B).  That statute provides

03 that a detention hearing may be reopened "if the judicial officer finds that information exists that

04 was not known to the movant at the time of the hearing and that has a material bearing on the issue

05 whether there are conditions of release that will reasonably assure the appearance of such person

06 as required and the safety of any other person and the community." *Id.*

07    Defendant bases his motion "on the fact that Mr. Gianis never received notice that he was

08 under indictment; rather, he discovered the investigation only upon being denied entry into Mexico

09 due to the federal warrant for his arrest in the United States." (Dkt. 15 at 1.)  Defendant suggests

10 he would have returned voluntarily to address the charges if he had been aware they were pending.

11    However, because Judge Benton did not base her detention order on defendant's lack of

12 voluntary surrender, defendant fails to show that this information would have a material bearing

13 on the issue of detention.  Judge Benton found defendant to pose a risk of nonappearance due to

14 his status as a non-citizen against whom an immigration detainer had been lodged, and a risk of

15 danger based on past criminal history involving a firearms charge in Canada and the nature of the

16 current charges.  Further, as Judge Benton noted, the pending drug charge carries a potential

17 maximum penalty in excess of ten years, therefore giving rise to a rebuttable presumption of both

18 dangerousness and flight risk under 18 U.S.C. § 3142(e).  Judge Benton did not find that the

19 record effectively rebutted the presumption, and so ordered defendant detained.  Finally, defendant

20 fails to show that the proffered reason for reconsideration – his lack of knowledge of the pending

21 ―――――――――

22    [1] In the body of the motion, however, defendant asks for "review and revocation" of the detention order.

ORDER DENYING REQUEST TO
REOPEN DETENTION HEARING
PAGE -2

01  charges – is information that was not known to him at the time of the hearing.

02  For the reasons described above, defendant's motion to reopen the detention hearing is

03  DENIED. The Clerk shall send a copy of this Order to counsel for the parties and to Judge

04  Coughenour.

05  DATED this 19th day of March, 2008.

Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING REQUEST TO
REOPEN DETENTION HEARING
PAGE -3