THE HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>KYLE GIANIS,<br><br>　　　　　　　　Defendant. | No. CR04-334-JCC<br><br>DEFENDANT KYLE GIANIS'S MOTION FOR DISTRICT COURT REVIEW OF THE MAGISTRATE'S PRETRIAL DETENTION ORDER<br><br>**ORAL ARGUMENT REQUESTED** |

COMES NOW the defendant, KYLE GIANIS, by and through his attorneys, John Henry Browne and Emma Scanlan, and pursuant to 18 U.S.C. § 3145(b) and Western District of Washington MJR 12(c), moves the District Court to review the magistrate judge's determination that Mr. Gianis must suffer further pretrial detention. This motion for District Court review and revocation of the detention order is based on the fact that many members of Mr. Gianis's family have stepped forward since the initial detention hearing to vouch for Mr. Gianis and ensure his appearance for trial. This new information was unavailable to Mr. Gianis at the time of the initial hearing and thus provides sufficient grounds to re-open the issue of pretrial detention. This motion is based on the files and records herein, and the supporting memorandum of law.

**I.　FACTS RELEVANT TO MOTION**

　**A.　Mr. Gianis's Motion for Reconsideration of Pretrial Detention Order and Magistrate Theiler's Order Denying Request.**

On March 14, 2008, Mr. Gianis filed a Motion for Reconsideration of Pretrial Detention Order. Dkt. 15. The motion was premised on the fact that Mr. Gianis was simply unaware of the charges pending against him in the Western District of

DEFENDANT KYLE GIANIS'S MOTION FOR DISTRICT COURT REVIEW OF THE MAGISTRATE'S PRETRIAL DETENTION ORDER- 1

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

Washington; in addition, many of Mr. Gianis's family members became aware of his situation only after the initial detention hearing in front of Magistrate Judge Monica J. Benton and have since that time volunteered letters in support of Mr. Gianis. See Def. Mot. for Reconsideration of Pretrial Detention Order, Ex. A. These same family members will take the necessary steps to ensure Mr. Gianis's appearance at any future judicial proceedings.

On March 17, 2008, The Honorable John C. Coughenour, United States District Judge, entered a Minute Order referring the issue of Mr. Gianis's pretrial detention to Magistrate Judge Mary Alice Theiler for consideration. Dkt. 17.

Two days later, on March 19, 2008, Magistrate Theiler entered an Order Denying Request to Reopen Detention Hearing. Dkt. 19. In her Order, Magistrate Theiler cited 18 U.S.C. § 3142(f)(2)(B) for the proposition that a detention hearing may be reopened if "the judicial officer finds that information that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

While this is indeed the correct standard, Magistrate Theiler then nevertheless proceeded to ignore the new information presented by Mr. Gianis in his Motion for Reconsideration, stating rather that Mr. Gianis failed to demonstrate a lack of knowledge of the pending charges. According to Magistrate Theiler, Mr. Gianis purportedly knew of the pending federal charges so that the information was known to him at the time of the initial detention hearing and the issue of detention was therefore foreclosed.

### B. Magistrate Theiler's Order Failed to Consider the New Information Offered by Mr. Gianis

As defense counsel became involved in this case only immediately prior to Mr. Gianis's arraignment and detention hearing, Mr. Gianis was unable to fully present his argument in favor of conditional release during the initial detention hearing. The Court should therefore grant another hearing in which Mr. Gianis can present additional evidence, particularly the strong letters of support from his family and the fact that the government has neither physical evidence nor material cooperating witnesses implicating Mr. Gianis.

DEFENDANT KYLE GIANIS'S MOTION FOR
DISTRICT COURT REVIEW OF THE
MAGISTRATE'S PRETRIAL DETENTION
ORDER- 2

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

First, Mr. Gianis was unaware of the charges pending against him in the Western District of Washington. Second, Mr. Gianis did not have the support of his family at the initial detention hearing so that the letters in support of Mr. Gianis and the offers to ensure his appearance at trial constitute information unknown to Mr. Gianis at the time of the initial hearing.

Magistrate Theiler, therefore, imputed knowledge to Mr. Gianis, which he categorically denies, while simultaneously disregarding the fact that Mr. Gianis's family did not participate in the first detention hearing and since that time has forwarded letters vouching for Mr. Gianis and assuring the Court that Mr. Gianis will return for any future proceedings if conditionally released. These two factors should have prompted the Court to reopen the issue of detention; because Magistrate Theiler failed to do so, Mr. Gianis now requests that the District Court revisit the issue.

## II. ARGUMENT

Given Mr. Gianis's lack of any criminal history in the United States, his lack of any criminal convictions in his home country of Canada, the weak allegations against Mr. Gianis, the lack of physical evidence connecting Mr. Gianis to the charged offense, Mr. Gianis's stable employment, and the strong support from Mr. Gianis's family, the Court should order Mr. Gianis's conditional release pending trial.

Magistrate Theiler's Order relied on District Judge Benton's findings that Mr. Gianis poses a risk of nonappearance due to the *rebuttable* presumption in favor of detention under 18 U.S.C. § 3142(f); Mr. Gianis's Canadian citizenship; a firearms charge- but no conviction- in Canada; and the nature of the current charges. Dkt. 19 at 2:14-18. At the initial detention hearing, however, defense counsel had just met Mr. Gianis and did not have sufficient time to prepare for detention hearing. Mr. Gianis therefore did not benefit from any family support at the initial detention hearing.

As mentioned above, a court may reopen a detention hearing at any time before trial if new information is discovered that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community. United States v. Strong, 489 F.3d 1055, 1060 (9th Cir. 2007); see also Ward, 63 F.Supp.2d at 1206; 18 U.S.C. § 3142(f)(2)(B).

DEFENDANT KYLE GIANIS'S MOTION FOR
DISTRICT COURT REVIEW OF THE
MAGISTRATE'S PRETRIAL DETENTION
ORDER- 3

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

On appeal, or on a motion to reconsider, a court reviews the "[f]actual findings underlying a district court's pretrial release or detention order, including whether a defendant is a flight risk or a danger to the public ... under the clearly erroneous standard, 'coupled with an independent review of the facts, the findings, and the record to determine whether the order may be upheld.'" United States v. Fidler, 419 F.3d 1026, 1029 (9th Cir. 2006); see also United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991). Accordingly, the court must "make an independent examination of the record to determine whether the pretrial detention order is consistent with the defendant's constitutional and statutory rights and arrive at [the] conclusion *de novo*." United States v. Townsend, 897 F.2d 989, 994 (9th Cir. 1990).

In Ward, for example, the defendant sought review of a Detention Order on the specific ground that several immediate family members who were unavailable at the initial detention hearing stepped forward to assure his appearance at trial. 63 F.Supp.2d at 1206. The court held that although the defendant's family and relatives were obviously known to him at the time of his detention hearing, since it was difficult for the defendant to secure their attendance on such very short notice they were in essence newly discovered. The court found it relevant whether all of the relatives were contacted and available for the detention hearing and which relatives received notice; if not everyone received notice, they were unknown at the time of the initial hearing. Id. at 1206-07.

Ward, therefore, is directly analogous to the situation presented here: after an initial determination of detention, the court reopened the detention issue because additional members of the defendant's family came forward to ensure the defendant's appearance at trial. Here, as Mr. Gianis's family has had the time to compose letters to the Court detailing his community ties, financial resources, and economic and family stability, the Court should reconsider its determination of detention.

In sum, Mr. Gianis's: unawareness of the charge pending against him, stable employment, unflinching family support, and desire to face the charges against him as soon as possible in order to clear his name are more than sufficient to rebut the presumption of detention in this case.

DEFENDANT KYLE GIANIS'S MOTION FOR
DISTRICT COURT REVIEW OF THE
MAGISTRATE'S PRETRIAL DETENTION
ORDER- 4

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

### III. CONCLUSION

For the reasons stated above, the defense respectfully requests that the Court order a detention review hearing and conditionally release Mr. Gianis pending trial; the defendant has overcome the rebuttable presumption of detention and the Government has failed to prove by clear and convincing evidence that there is no combination of conditions that will reasonable assure the defendant's appearance and the safety of the community.

RESPECTFULLY SUBMITTED this 27th day of March, 2008.

s/ John Henry Browne
JOHN HENRY BROWNE, WSBA #4677
Attorney for Defendant
821 Second Avenue, Suite 2100
Seattle, Washington 98104
206-388-0777 fax: 206-388-0780
e-mail: johnhenry@jhblawyer.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 27, 2008 I electronically filed Defendant Kyle Gianis's Motion for District Court Review of the Magistrate's Pretrial Detention Order with the clerk of the court using the CM/ECF system which will send notification of such filing to the attorneys of record for the defendant and the government.

Dated this 27th day of March, 2008.

s/ Lisa A. Earnest
Lisa A. Earnest, Paralegal
JOHN HENRY BROWNE, #4677
Counsel for the Defense
821 Second Avenue, Suite 2100
Seattle, Washington 98104
Phone: 206-388-0777
Fax: 206-388-0780
Email: lisa@jhblawyer.com

DEFENDANT KYLE GIANIS'S MOTION FOR DISTRICT COURT REVIEW OF THE MAGISTRATE'S PRETRIAL DETENTION ORDER- 5

LAW OFFFICES OF JOHN HENRY BROWNE PS
821 SECOND AVENUE, SUITE 2100
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780