UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KYLE GIANIS, <br><br> Defendant. | CASE NO. CR04-0334-JCC <br><br> ORDER |

This matter comes before the Court on Defendant's motion seeking reconsideration of (1) the Pretrial Detention Order issued by Magistrate Judge Benton, and (2) Magistrate Judge Theiler's Order denying Defendant's earlier motion for reconsideration of Judge Benton's detention order.[1] (Dkt. No. 20.) Having considered the papers filed by Defendant, and relevant portions of the record, the Court finds that oral argument is unnecessary and hereby DENIES the motion, as follows.

---

[1] The title of Defendant's motion, "Review of the Magistrate's Pretrial Detention Order," is somewhat confusing, as two different orders have been issued by two different magistrate judges, both pertaining to the issue of Defendant's detention. Magistrate Judge Benton issued the Pretrial Detention Order (Dkt. No. 9), while Magistrate Judge Theiler issued an Order denying Defendant's request to reopen the detention hearing. (Dkt. No. 19.) The caption of Defendant's motion would seem to challenge only Judge Benton's Pretrial Detention Order; however, the substance of the motion actually addresses both. (*See* Def.'s Mot. 1 (Dkt. No. 20) ("A: Mr. Gianis' Motion for Reconsideration of Pretrial Detention Order *and* Magistrate Judge Theiler's Order Denying Request" (emphasis added).)

ORDER – 1

## I. BACKGROUND

Mr. Gianis is charged by Indictment with one count of Conspiracy – Possession of Ephedrine with Intent to Distribute, in violation of Title 21, U.S.C., Section 841(c) and 846. (Dkt. No. 1.) The indictment followed the discovery of ephedrine concealed in a car that Adam Tsoukalas attempted to drive across the United States/Canada border on March 12, 2004. Mr. Tsoukalas and his passenger (also the registered owner of the car) were arrested, separated, and questioned independently, and both eventually implicated Mr. Gianis as the person paying them to transport the ephedrine. Mr. Gianis was thereafter indicted on July 21, 2004, but he was not apprehended until December 29, 2007. The day before, Mexican authorities denied Mr. Gianis entry into Mexico when they discovered there was a warrant for his arrest in the United States. Mr. Gianis was put on the next plane out of Cancun, Mexico, which happened to be headed to John F. Kennedy International airport in New York. When that plane landed, Immigration and Customs Enforcement officers took Mr. Gianis into custody.

Following Mr. Gianis' arrest, the Government moved for a Detention Order, noting that the case was eligible because it involves a drug offense that carries a maximum sentence of ten years or more and there was a serious risk that the defendant would flee. (Dkt. No. 5 at 1–2.) Magistrate Judge Benton conducted the detention hearing and subsequently issued an Order detaining Mr. Gianis, finding that "no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community." (Dkt. No. 9 at 1.) This conclusion was based upon the following "FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION":

1. There is probable cause to believe the defendant committed the drug offenses of conspiracy – possession of ephedrine. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

2. The defendant is viewed as a risk of nonappearance as he is not a United States citizen . . . and there is an immigration detainer filed against him.

3. He is viewed as a risk of danger due to his current criminal history involving a firearm in

ORDER – 2

1    Canada, and the nature of the current alleged offense.

2    4.   The defendant stipulates to detention at this time.

3 (*Id*. at 2.)

4 On March 14, 2008, Mr. Gianis moved for reconsideration of the Pretrial Detention Order, 5 seeking "an order for conditional pretrial release that will reasonably assure the appearance of the 6 defendant and safety of the community." (Dkt. No. 15 at 1.) Mr. Gianis argued that his "lack of 7 awareness of the charge against him, stable employment, unflinching family support, and [his] desire to 8 face the charges against him in order to clear his name are more than sufficient to rebut the presumption 9 of detention in this case." (*Id*. at 5.)

10 This Court referred Mr. Gianis' motion for reconsideration to Magistrate Judge Theiler, who 11 denied it in an Order issued on March 19, 2008. (Dkt. No. 19.) Quoting Mr. Gianis' motion, which 12 expressly professed its basis to be "the fact that Mr. Gianis never received notice that he was under 13 indictment; rather, he discovered the investigation only upon being denied entry into Mexico," Judge 14 Theiler found that Mr. Gianis failed to meet the standard for reopening a detention hearing. Specifically, 15 Judge Theiler found that Mr. Gianis failed "to show that this information would have a material bearing 16 on the issue of detention," because "Judge Benton did not base her detention order on defendant's lack of 17 voluntary surrender[.]" (*Id*. at 2.) In addition, Judge Theiler noted that "Judge Benton did not find that 18 the record effectively rebutted the presumption [under 18 U.S.C. § 3142(e) of flight risk and 19 dangerousness], and so ordered defendant detained." (*Id*.)

20 In the instant motion, Mr. Gianis moves for reconsideration of Judge Theiler's Order denying his 21 motion for reconsideration of Judge Benton's detention order, arguing that:

> [Judge Theiler erred by imputing] knowledge to Mr. Gianis [of the charges pending against him prior to his arrest], which he categorically denies, while simultaneously disregarding the fact that Mr. Gianis's family did not participate in the first detention hearing and since that time has forwarded letters vouching for Mr. Gianis and assuring the Court that Mr. Gianis will return for any future proceedings if conditionally released.

25 (Def.'s Mot. 3 (Dkt. No. 20).) Because, Mr. Gianis argues, "[t]hese two factors should have prompted

26 ORDER – 3

the Court to reopen the issue of detention; [and] because Magistrate Theiler failed to do so, Mr. Gianis now requests that the District Court revisit the issue." (*Id.*) He contends that, upon reopening the issue of detention and conducting and a *de novo* examination of the record, the Court should find that Mr. Gianis has successfully rebutted the presumption of detention by demonstrating his "unawareness of the charge pending against him [prior to his arrest], stable employment, unflinching family support, and desire to face the charges against him as soon as possible in order to clear his name," and conditionally release him pending trial. (*Id*. at 4.)

## II.     LEGAL STANDARD

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141 *et seq*., a person arrested for a non-capital offense shall ordinarily be admitted to bail, unless after a hearing the court determines that no condition or combination of conditions will reasonably assure the appearance of the person. *Id.* §§ 3142(a),(e); *see also U.S. v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). The statute specifies the factors which the court is to consider in determining whether detention is appropriate—the nature and circumstances of the offense charged; the weight of the evidence; the history and characteristics of the defendant; and the nature and seriousness of the danger to any person or the community. 18 U.S.C. § 3142(g). "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq*.)[.]" *Id.* § 3142(e).

A detention hearing may be reopened if the judicial officer "finds that information exists that was not known to the movant at the time of the hearing," and that information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(f)(2)(B).

//

ORDER – 4

## III.  ANALYSIS

The Court is not persuaded by Mr. Gianis' argument that the letters from his family constituted new information material to the determination that there are no conditions of release that will reasonably assure his appearance and the safety of the community. First, *U.S. v. Ward*, 63 F. Supp. 2d 1203 (C.D. Cal. 1999), which Mr. Gianis cites as "directly analogous to the situation presented here" (Def.'s Mot. 4 (Dkt. No. 20)), is distinguishable. Unlike in *Ward*, none of Mr. Gianis' family members are offering to provide an appearance bond to secure his release and appearance, much less one "upwards of one million dollars." *See Ward*, 63 F. Supp. 2d at 1207. Moreover, the defendant in *Ward* was a former Orange County deputy district attorney, with presumably strong ties to the community. *Id*. at 1205. While the five letters that Mr. Gianis charges Magistrate Judge Theiler with erroneously disregarding all express love and support for Mr. Gianis, none appear to be from within the Western District of Washington, and only one makes a somewhat vague reference to securing Mr. Gianis' appearance.[2] While "alienage does not *by itself* 'tip the balance either for or against detention,'" *U.S. v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990) (quoting *Motamedi*, 767 F.2d at 1408) (emphasis added), the balance of the opinion in the *Townsend* case makes clear that when alienage is accompanied by other significant facts, including, for example, the fact that the charged crime is a drug charge, the fact that the crime charged carries a significant potential maximum sentence, the defendant's lack of ties to the community (e.g., "they have not resided here, they are not employed here, they do not own property here, and they have no relatives here"), or the defendant's failure to waive extradition, detention may very well be justified. *Id*. at 992, 995, 996.

The letters from Mr. Gianis' family do not undermine Judge Benton's finding that there is

---

[2] Mr. Gianis' uncle, a self-described "Venture Capitalist" who lives in Arizona, states, "I will offer my ongoing present and future assistance to ensure that [Mr. Gianis returns to the United States for legal proceedings] as may be required by law." (Peter Workum Ltr. (Dkt. No. 15-2 at 6).) Mr. Workum does not, however, state how he would assist in ensuring that Mr. Gianis willingly returned to the United States, if released by this Court.

ORDER – 5

probable cause to believe the defendant committed the drug offense with which he is charged, which carries a potential maximum penalty in excess of ten years, therefore giving rise to the rebuttable presumption of both dangerousness and flight risk under 18 U.S.C. § 3142(e), nor do they rebut Judge Benton's finding that Mr. Gianis "is viewed as a risk of nonappearance as he is not a United States citizen . . . and there is an immigration detainer filed against him." (Dkt. No. 9 at 2.) The Court rejects Mr. Gianis' apparent contention that familial support and a stable employment history anywhere in the world *per se* rebut the statutory presumption that he is a flight risk and poses a danger to the community. In contrast, the Court reads the caselaw as viewing such evidence as material where it demonstrates ties to the community such that it is unlikely a defendant would risk their forfeiture by fleeing the jurisdiction.

As such, Judge Theiler did not err either in declining to consider the letters from family members, or in denying Mr. Gianis' motion for reconsideration of Judge Benton's Detention Order. Because Mr. Gianis offers no additional information unknown to him at the time of the detention hearing that has a material bearing on the issue whether there are conditions of release that will reasonably assure his appearance as required and the safety of any other person and the community, this Court DENIES his motion.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's motion is DENIED.

SO ORDERED this 14th day of April, 2008.

John C. Coughenour
United States District Judge

ORDER – 6