The Honorable Judge John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Cause No.  No. CR04-334JCC |
| v. | |
| KYLE GIANIS, | **Motion for Specific Brady Exculpatory Evidence** |
| Defendant. | NOTE FOR MOTION: May 2, 2008 |

Comes now the defendant, Kyle Gianis, through his attorney, Peter A. Camiel, and moves this Court to order the government to disclose the content of phone calls with the defendant.

**Background**

On March 12, 2004, Adam Tsoukalas and David Youngberg were arrested as they attempted to enter the United States through the Pacific Highway port of entry.  Following the secondary inspection and questioning of these witnesses, each of the witnesses allegedly agreed to cooperate and place phone calls to the defendant, Kyle Gianis.  A report prepared by the United States Customs Service agent Brian Faria indicates as follows:

> "Agent Faria had Youngberg and Tsoukalas place several phone calls to "Kyle" in an attempt to arrange a meeting at Bellsfair Mall.  After several calls were made, the attempted delivery was terminated."

To date, no other reports have been produced regarding the content of these phone calls.

**Motion for Specific Brady Exculpatory Evidence**                -1-

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551 Fax: 623-5951

Defense counsel made inquiry with the Assistant United States Attorney as to whether or not the calls were recorded or whether any memoranda were prepared regarding the calls. The Assistant United States Attorney responded as follows:

> "You have also asked me if the phone conversations the night of the arrest between Tsoukalas and your client were recorded and/or listened to by agents. I am told they were not - the agents were present when Adam made the calls, but did not record them or directly listen in, although they were in a position to overhear Adam's side of the conversation."

In a subsequent conversation with the Assistant United States Attorney, defense counsel was told that the content of the calls was "innocuous."

It is defense counsel's understanding that both of the witnesses, Mr. Tsoukalas and Mr. Youngberg individually placed "several" calls to defendant Kyle Gianis in an attempt to entice him to come down to the Bellsfair Mall. It appears that at a minimum, the agents were present and heard Mr. Youngberg and Mr. Tsoukalas side of the conversation. In addition, obviously, Mr. Tsoukalas and Mr. Youngberg would have information regarding any statements made by Mr. Gianis.

**Requested Discovery**

By this motion, the defense is requesting that the Court order that the government make the agents available for interview with regard to what they heard during these phone calls or alternatively, that the agents prepare reports describing what they heard. Second, defense requests that the Court order that the government make the witnesses, Youngberg and Tsoukalas, available for interviews with regard to what the defendant stated to them during the phone calls or produce statements regarding the content of the phone calls.

In no report has the government or any of the agents ever described Mr. Gianis' comments during the phone calls as in any way incriminating. There is no report indicating that Mr. Gianis in any way indicated any knowledge of the contraband that Misters Youngberg and Tsoukalas had attempted to transport across the border. The government attorney has described the phone calls as "innocuous." In the context of this case where Misters Youngberg and Tsoukalas are claiming that Mr. Gianis engaged them to transport the contraband across the border, this constitutes exculpatory evidence which should

be disclosed to the defense prior to trial. Indeed, even if the statements of Mr. Gianis were not exculpatory, any statements of defendant are required to be disclosed under Federal Rule of Criminal Procedure 16.

The government has an obligation under Brady v. Maryland, 373 U.S. 83 (1963) to provide exculpatory evidence to a criminal defendant. The statements made by Mr. Gianis during the phone conversations may well be purely exculpatory. In addition, the questions asked or conversation engaged in by the witnesses with Mr. Gianis may also provide impeachment evidence. Impeachment evidence is also exculpatory within the meaning of Brady. See, Giglio v. United States, 405 U.S. 150 (1972).

In this case, there were "several" phone calls. There is no claim that Mr. Gianis did not answer the calls, but rather it appears that he did answer the calls, that there was conversation, however, Mr. Gianis did not agree to cross the border and come to the Bellsfair Mall.

Defendant should not be put in a position of having to "blindly" ask questions of the agents on the witness stand during trial about the phone calls or ask questions of the witnesses at their depositions about the phone calls. Since these calls were made at the direction of government agents, the government presumably had the ability to record the calls had they chosen to do so. They chose not to. They also apparently chose not to write any reports which in any specificity would referred to the calls.

If the defense correctly understands the context in which the calls were made, the witnesses are claiming that after they crossed the border they were supposed to meet Kyle Gianis at the Bellsfair Mall. Presumably, the calls would have been made using a ruse indicating that they were at the mall awaiting Mr. Gianis' arrival or requesting that he come to the mall. Given that the witnesses were in possession of the two barrels of ephederin which they claim was supposed to be turned over to Mr. Gianis, the content of the calls is particularly relevant.

## Conclusion

For all of the foregoing reasons, the government should be directed to produce the agents and witnesses for interview limited to the subject matter of these calls, or produce statements or reports from the agents and witnesses regarding the content of the calls prior to depositions of the witnesses.

**Motion for Specific Brady Exculpatory Evidence** -3-

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551 Fax: 623-5951

1   DATED this 24th day of April, 2008.

Respectfully submitted,

  /s/   Peter A. Camiel

Peter A. Camiel, WSBA #12596

**Motion for Specific Brady Exculpatory Evidence**  -4-

CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s) and plaintiff.

/s/   Peter A. Camiel, WSBA #12596

**Motion for Specific Brady Exculpatory Evidence** -5-

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551 Fax: 623-5951