The Honorable Judge John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,              )<br>                            )<br>            Plaintiff,              )<br>    v.                                 )<br>                                        )<br>KYLE GIANIS,                            )<br>                                        )<br>            Defendant.                  )<br>_____ )  | Cause No.  No. CR04-334JCC<br><br>**Motion for Pre-Deposition Discovery**<br><br>NOTE FOR MOTION: May 2, 2008 |

Comes now the defendant, Kyle Gianis, through his attorney, Peter A. Camiel, and moves this Court to enter an order requiring the government to provide the following materials to the defense prior to the court ordered depositions of government witnesses Tsoukalas and Youngberg.

**Background**

On March 18, 2008, this Court entered an order pursuant to FRCrP 15(a) authorizing the government to take video depositions in Canada of David Youngberg and Adam Tsoukalas in this matter prior to May 23, 2008.  This Court also ordered that the government make available for defense counsel for examination and use prior to the taking of the depositions any statement of the witness being deposed which is in the possession of the government and to which the defendant would be entitled at trial.

In compliance with local district court Rule 48 regarding Rule 16 discovery, defense counsel contacted the Assistant United States Attorney by phone and letter dated April 18, 2008 requesting the below described discovery be provided prior to the depositions of Misters Youngberg and Tsoukalas.

In response, the government has indicated that many of the documents (the guilty pleas, statements of responsibility and the presentence reports) are under seal and will require this Court's permission to produce. More importantly, the government has also indicated, "You should also anticipate that many of the items will be produced rather close to trial and/or in redacted form due to the same concerns set forth above." Those concerns had to do with safety of the witnesses. In this case, given the prospect that the depositions will be used in lieu of live testimony at trial, all of the requested discovery should be produced prior to the depositions rather than "close to trial." The government has indicated that it has tentatively scheduled depositions for the 13th and 14th of May in order to comply with this Court's order that depositions be taken no later than the 23rd of May. It has not yet been confirmed whether or not depositions will in fact take place on those dates.

By this motion, the defendant seeks an order of the Court directing the government to disclose additional materials related to the two witnesses scheduled to be deposed, including the following:

1. Plea agreements of each of the witnesses;

2. Any grand jury testimony of either of the witnesses by any other witnesses or describing or containing any statements made by either of the witnesses relevant to this matter;

3. Notes and reports of any interviews conducted with either of the witnesses;

4. Writings of any of the witnesses related to this matter, including any "acceptance of responsibility" letters by either witness;

5. The presentence report of each witness to be provided to the Court in-camera for review and for the Court to determine any portions that should be disclosed; and

6. Any reports received from the RCMP about those witnesses criminal histories, arrests, or police contacts.

Presently, the Court has entered an order allowing the taking of depositions, but has not yet determined whether or not those depositions will be permitted to be used at trial in lieu of live testimony of the witnesses. Given the uncertainty of the status of the witnesses and their depositions, defense counsel must assume for purposes of cross examination during the depositions of the witnesses that he

**Motion for Pre-deposition Discovery** -2-

must cross examine the witnesses as he would at trial using any available impeachment information. In addition, defense counsel must be able to conduct a proper investigation of the witnesses and their backgrounds prior to the depositions.

The Court's current order is limited to directing the government to disclose "any statement of the witness." By this motion, the defendant is requesting additional materials to which he is entitled.

### Plea Agreements

The plea agreements reports of David Youngberg and Adam Tsoukalas have been filed under seal and have not been disclosed in discovery. Presumably, they contain cooperation provisions and government promises in return for said cooperation and other relevant representations that the defendant would be entitled to use on cross examination of each witness.

### Notes and Reports of Witness Interviews

Agents notes or reports of interviews conducted with the witnesses should be disclosed as such materials may provide inconsistent or different versions of events or representations made by the witness with regard to the relevant facts in this case. The defendant would be permitted to examine the witnesses with regard to any such differences or inconsistencies and could call the agents to give testimony for purposes of impeachment at trial, if necessary.

### Criminal Histories, Arrests Histories or Police Contact Histories of Witnesses

In discovery, the government has provided a document received from the RCMP regarding police contacts with defendant Kyle Gianis which contains references to all police arrests and contacts with defendant. Presumably, the government has received similar report related to each of the witnesses Tsoukalas and Youngberg.

### Presentence Reports

The Ninth Circuit has held that the defendant is entitled to have the Court conduct an in-camera review of the probation files of critical co-conspirator witnesses. During such a review, the Court should order the release of all materials contained therein that bear on the credibility of such witnesses in advance of trial so that the defendant has the ability to use such information for purposes of investigation or cross

**Motion for Pre-deposition Discovery** -3-

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551 Fax: 623-5951

examination of that witness. <u>United States v. Alvarez</u>, 358 F.3d 1194, 1208 (9th Cir. 2004); <u>United States v. Strifler</u>, 851 F.2d 1197, 1201 (9th Cir. 1988). Presentence reports often contain details concerning witness's prior criminal records, details concerning witness's history of substance abuse or mental health problems as well as statements made by the witness regarding his involvement in the current offense. All of these areas would bear on the credibility of the witnesses and, if contained in the presentence report, should be disclosed.

**Timing of Disclosures**

Defense requests that the Court order the above requested disclosures at least two weeks in advance of the depositions so defense counsel has adequate time to prepare and conduct investigation.

DATED this 24th day of April, 2008.

Respectfully submitted,

  /s/   Peter A. Camiel

Peter A. Camiel, WSBA #12596

**Motion for Pre-deposition Discovery**         -4-

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s) and plaintiff.

/s/   Peter A. Camiel, WSBA #12596

**Motion for Pre-deposition Discovery**  -5-

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington  98104
(206) 624-1551 Fax: 623-5951