The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO.   CR04-334JCC |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S RESPONSE TO |
| v. | ) | DEFENSE MOTION FOR |
| | ) | DISCOVERY; CROSS-MOTION FOR |
| KYLE GIANIS, | ) | PROTECTIVE ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I. <u>INTRODUCTION</u>

The United States of America respectfully submits this response to Defendant's Motion for pre-deposition discovery (Dkt. # 26).  The government intends to fully comply with all of its discovery obligations, including producing any *Jenks* act materials prior to the deposition in this case.

However, the government does have legitimate safety concerns about the witnesses in this case.  First, defendant has a history of violent acts.  Second, defendant recently caused someone to improperly contact one of the witnesses, despite the fact that the witness is represented by counsel.

Accordingly, the Court should enter a protective order authorizing the government to redact any personally identifying information pertaining to these witnesses (other than their names), or, in the alternative, prohibiting defense counsel from providing copies of

RESPONSE TO MOTION FOR PRE-DEPOSITION DISCOVERY - 1
(*Gianis*, CR04-334JCC)

1  any material tending to identify the witnesses addresses, employment, and the like.

2  <center>**II. <u>BACKGROUND</u>.**</center>

3  **A.     Factual and Procedural History.**

4       The background of this case is set forth in prior moving papers and will not be

5  repeated here in the interests of brevity.  The procedural background is accurately set

6  forth in defendant's motion, and therefore will not be repeated for the same reason.  The

7  depositions are currently set in Canada for May 14 and May 15.

8  **B.     Defendant's Attempt to Contact Witness Youngberg.**

9       As outlined in the undersigned AUSA's prior declaration in support of the Motion

10 to Schedule depositions (Dkt. # 14), the undersigned spoke with defendant's original

11 counsel, John Henry Browne, on or about March 7, 2008.  During that conversation,

12 Mr. Browne told the undersigned that defendant's Canadian "lawyer" had determined that

13 neither witness would come down to the United States to testify.

14      During that conversation, the undersigned specifically advised Mr. Browne that

15 Mr. Youngberg, at least, was still represented by the Federal Public Defender's office,

16 and that contact with the witness should likely be coordinated through his counsel.  A

17 subsequent conversation with Mr. Youngberg's counsel, AFPD Nancy Tenney,

18 established that no such contact had occurred as of March 7.

19      However, and despite that warning, Gianis' representatives have made concerted

20 attempts to have direct contact with Mr. Youngberg.  According to Ms. Tenney, a lawyer

21 for Mr. Gianis contacted Mr. Youngberg recently.  Attached as Exhibit 1 is an email from

22 Ms. Tenney to Mr. Browne alerting him of the violation of the ethical rules, and objecting

23 to further attempts to contact her client.  This incident is currently under investigation.

24      As to Mr. Tsoukalas, the government has had no direct or indirect contact with him

25 since the motion to continue, and it is unknown whether the defense has attempted to

26 contact him and/or whether Mr. Tsoukalas is represented.

27

28

RESPONSE TO MOTION FOR PRE-DEPOSITION DISCOVERY - 2
(*Gianis*, CR04-334JCC)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1          III. <u>ARGUMENT AND AUTHORITY</u>

2   **A.      The Government Will Comply with Its Discovery Obligations**.

3          The government intends to produce virtually all of the materials requested in the

4   defense motion in advance of the depositions, including the Plea Agreements and the

5   notes and reports of the witnesses' interviews.  Some, but not all, of the notes and reports

6   have already been produced, and the remainder will be produced by the end of next week

7   at the latest.  The government is also prepared to produce the Plea Agreements, which are

8   currently under seal, once the court unseals them.

9          Regarding the Presentence Reports, the government cannot, of course, release

10  them without the Court's prior approval.  Presentence reports belong to the Court, and in

11  the undersigned's experience, it would be unusual for the government to simply turn over

12  a PSR for one defendant to a different defendant.  However, the government intends to

13  review the PSRs in advance of the depositions, and to advise the defense of any *Jenks* or

14  *Brady* material contained in the PSRs.  If the Court desires a different procedure the

15  government will of course comply with the Court's wishes.

16         Finally, the defense has requested criminal histories for both witnesses.  The

17  government will provide the defense with the criminal history material contained in the

18  PSRs, which should be complete up through the date of their sentencing.  The

19  government is currently attempting to also secure the RCMP equivalent of a "rap sheet"

20  for each witness.  However, the United States cannot of course compel the Canadian

21  government to turn over this information, and cannot be held responsible if the Canadian

22  government declines to do so.

23  **B.      Cross-Motion for a Protective Order.**

24         As set forth in prior pleadings, Mr. Gianis has a history of violent incidents.

25  Recently, he appears to have attempted to contact a represented witness, despite the fact

26  that his U.S. counsel was specifically advised that the witness was represented by

27

28

RESPONSE TO MOTION FOR PRE-DEPOSITION DISCOVERY - 3
(*Gianis*, CR04-334JCC)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  counsel.[1]

2      Accordingly, the United States respectfully requests the following relief pursuant

3  to Fed. R. Crim. P. 16(d)(1). :

4      1.      That the Court issue an order prohibiting Kyle Gianis or his agents or

5  attorneys from directly or indirectly contacting any represented witness without their

6  counsel's prior written approval.

7      2.      That the Court authorize the government to redact all personally identifying

8  information as to both witnesses, other than their names, from any materials produced

9  forthwith.  In the alternative, the Court should prohibit defense counsel from providing

10  copies and from showing Gianis any discovery material containing personally identifying

11  information to defendant.

12                          **IV.  <u>CONCLUSION</u>**

13      The government intends to comply with its discovery obligations.  However, all

14  discovery should be conducted in a fashion that protects the witnesses from possible

15  pressure or retaliation.

16        DATED this 2nd day of May, 2008.

17                                  Respectfully submitted,

18                                  JEFFREY C. SULLIVAN
                                    United States Attorney
19
                                        /s Vincent T. Lombardi
20                                  VINCENT T. LOMBARDI
                                    WSBA # 21967
21                                  Assistant United States Attorney
                                    United States Attorney's Office
22                                  700 Stewart Street, Ste. 5520
                                    Seattle, Washington 98101
23                                  Facsimile: 206-553-4440
                                    Phone: 206-553-5178
24                                  E-mail: vince.lombardi@usdoj.gov

25

26

27

28      [1]  The United States does not suggest, and has no information indicating, that Mr. Camiel was
        even aware of this attempt, much less authorized it.

RESPONSE TO MOTION FOR PRE-DEPOSITION DISCOVERY - 4
(*Gianis*, CR04-334JCC)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).  I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via telefax.


     s/ Stephanie J. Orona
STEPHANIE J. ORONA
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-4228
Fax: 206-553-0755
E-mail: Stephanie.Orona@usdoj.gov

RESPONSE TO MOTION FOR PRE-DEPOSITION DISCOVERY - 5
(*Gianis*, CR04-334JCC)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970