The Honorable Judge John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cause No.  No. CR04-334JCC |
| v. ) | |
| ) | **Defendant's Reply to Response to Motion** |
| KYLE GIANIS, ) | **for Discovery and Response to Motion for** |
| ) | **Protective Order** |
| Defendant. ) | |
| _____) | |

Comes now the defendant, Kyle Gianis, through his attorney, Peter A. Camiel, and replies to the government's response to defendant's motion for pre-deposition discovery and responds to the government's motion for a protective order.

The depositions of the witnesses David Youngberg and Adam Tsoukalas are scheduled to take place in British Columbia, Canada on May 14th and may 15th less than two weeks from now.  Trial is set for June 2nd.  Although the government states that it will comply with its discovery obligations, to date the requested materials including the plea agreements, grand jury testimony, the reports from the proffer given by Mr. Youngberg, acceptance of responsibility letters, criminal histories, customs forms filled out by these witnesses, and the probation presentence reports have not been disclosed.  Defendant seeks an order of the court directing that these material be produced no later that Friday May 9th which is less than one week before the depositions take place.

In addition to the above defendant requests that the government provide an exhibit list prior to the depositions of any exhibits it will introduce through these witnesses.

**Reply re Motion for Discovery**                       -1-

Finally the Assistant United States Attorney indicated the possibility of a new witness who allegedly came forward to the Canadian authorities with information against the defendant. No information about this person has been provided at all- no name, no reports and no specifics about the information or even the basis of the information this person provided. If the government intends to call this person as a witness his identification and the substance of his testimony should be provided prior to the depositions so that defense counsel can cross-examine the witnesses about this person if necessary.

In addition to the above requested discovery defendant filed a separate motion requesting that the government produce specific information about the phone calls placed at the behest of the agents to the defendant by witnesses Youngberg and Tsoukalas on the night of their arrest. The government did not respond at all to this motion and has not provided any additional information about the content of these calls. For the reasons set forth in defendant's motion it is requested that the court enter an order directing the government to either produce from the agents a report about the substance of the calls including what the agents heard the witnesses say to the defendant in each call(according to the reports there were several calls) and what the witnesses told the agents that the defendant said in response. Alternatively the government should make the agents or witnesses available to be interviewed about these calls-prior to the depositions of the witnesses. The defendant has a right to know what statements he is alleged to have made and he has a right to know this prior to the witnesses being deposed.

### Response Regarding Motion for Protective Order

Current defense counsel has not attempted any contact with either witness nor has he had any investigator or other person on his behalf attempt to do so. Counsel has been in contact with the witnesses counsel. Counsel would not contact a represented party without the consent of that parties attorney. Defendant does object to the protective order as drafted as being overly broad.

First, verbal consent of an attorney representing the witness should be sufficient prior to contacting the witness, written consent should not be required and is not required by any ethical or court rule.

**Reply re Motion for Discovery**               -2-

1       Second, the prohibition on counsel from showing or giving the defendant discovery materials "containing personally identifying information" is too vague and too broad. Defense counsel agrees that the defendant need not be shown or given copies of materials containing contact information such as residence or work address, or phone numbers or other identifying particulars such as social security numbers, however, other information about the witnesses or their statements should not be restricted. This includes names, criminal histories, and vehicle descriptions. Defense counsel needs to be able to go over the specifics of witnesses statements and impeachment information about the witnesses with his client in order to effectively prepare for trial and the depositions.

      DATED this 3rd day of May, 2008.

                                                         Respectfully submitted,

                                                          /s/   Peter A. Camiel

                                                        Peter A. Camiel, WSBA #12596

**Reply re Motion for Discovery**                       -3-

## CERTIFICATE OF SERVICE

I hereby certify that on May 3rd, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s) and plaintiff.

/s/   Peter A. Camiel, WSBA #12596

**Reply re Motion for Discovery**                -4-