UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KYLE GIANIS,<br><br>　　　　　Defendant. | CASE NO. CR04-0334-JCC<br><br>ORDER |

　　This matter comes before the Court on Defendant's Motion for Specific Brady Exculpatory Evidence (Dkt. No. 25), Defendant's Motion for Pre-Deposition Discovery (Dkt. No. 26), the Government's Response to the latter, the Government's cross-motion for a Protective Order (Dkt. No. 28), and Defendant's Reply (Dkt. No. 29).

**I.　BACKGROUND**

　　The Defendant is charged by Indictment with one count of Conspiracy – Possession of Ephedrine with Intent to Distribute, in violation of Title 21, U.S.C., Section § 841(c) and 846. (Dkt. No. 1.) The indictment followed the discovery of ephedrine concealed in a car that Adam Tsoukalas and David Youngberg attempted to drive across the United States/Canada border on March 12, 2004. Mr. Tsoukalas and Mr. Youngberg were arrested, separated, and questioned independently, and both

ORDER – 1

allegedly implicated Defendant as the person paying them to transport the ephedrine. Each also agreed to place several phone calls to Defendant. The defense Motion for Specific Brady Exculpatory Evidence quotes a report prepared by U.S. Customs Service Agent Brian Faria as stating that both Mr. Tsoukalas and Mr. Youngberg placed several phone calls to Defendant "in an attempt to arrange a meeting at Bellsfair Mall. After several calls were made, the attempted delivery was terminated." (Dkt. No. 25 at 1.) A warrant was issued for Defendant's arrest on July 22, 2004 (Dkt. No. 3), and he was arrested in New York on December 29, 2007.

In the interim, Mr. Youngberg and Mr. Tsoukalas were charged in this Court and both pled guilty to federal offenses. Mr. Youngberg pled guilty to Misprison of a Felony and was sentenced on September 24, 2004 to twenty-one months incarceration, with one year of supervised release to follow. *See U.S. v. David Youngberg*, No. 04-0281-JCC, Dkt. No. 34 (W.D. Wash. Sept. 24, 2004). He has since been released and returned to Canada. Mr. Tsoukalas pled guilty to Attempted Distribution of Ephedrine and was sentenced on December 10, 2004 to sixty months confinement, plus three years supervised release. *See U.S. v. Adam Tsoukalas*, No. 04-0273-JCC, Dkt. No. 30 at 2–3 (W.D. Wash. Dec. 10, 2004). He was transferred to Canada in September 2007, and was recently released from custody.

Mr. Gianis' trial was previously scheduled for March 24, 2008, but this Court continued that date—over Defendant's objections—in an Order issued on March 18, 2008. (Dkt. No. 18.) Therein, the Court granted the Government's Rule 15(a) motion for permission to take depositions of Mr. Youngberg and Mr. Tsoukalas in Canada no later than May 23, 2008. (*Id.* at 2.) The motions now at issue relate to Defendant's preparation for participating in these depositions, apparently tentatively scheduled for May 13, 2008 and May 14, 2008. (*See* Dkt. No. 26 at 2.) Defendant requests the Court order the Government to do the following:[1]

---

[1] The Court notes that Defendant requested certain material be disclosed at least two weeks in advance of the depositions (Dkt. No. 26 at 4), and other information be produced no later than Friday, May 9, 2008, (Dkt. No. 29 at 1), which—based on the tentative schedule—would be less than one week

ORDER – 2

1. Make available for interviews the agents who were present when Mr. Tsoukalas and Mr. Youngberg made phone calls to Defendant, or alternatively, have the agents prepare reports describing what they heard, (Dkt. No. 25 at 2);

2. Make Mr. Tsoukalas and Mr. Youngberg available for interviews, prior to their scheduled depositions, so that the defense has an opportunity to explore what was said during those phone calls and is "not . . . put in a position of having to 'blindly' ask questions" about these calls during the depositions, or alternatively, that these witnesses produce statements regarding the content of the calls prior to the depositions, (Dkt. No. 25 at 2–3);

3. Disclose additional materials related to Mr. Tsoukalas and Mr. Youngberg, "including . . . (1) plea agreements of each . . . ; (2) Any grand jury testimony of either of the witnesses by any other witness or describing or containing any statements made by either of the witnesses relevant to this matter; (3) Notes and reports of any interviews conducted with either of the witnesses; (4) Writings of any of the witnesses related to this matter, including any 'acceptance of responsibility' letters by either witness; (5) The presentence report of each witness to be provided to the Court in-camera for review and for the Court to determine any portions that should be disclosed; and (6) Any reports received by the RCMP about those witnesses' criminal histories, arrests, or police contacts," (Dkt. No. 26 at 2);

4. Provide an exhibit list prior to the depositions of any exhibits it will introduce through these witnesses, (Dkt. No. 29 at 1); and

5. Identify and disclose the substance of an as yet unidentified "new witness who allegedly came forward to the Canadian authorities with information against the defendant," prior to the depositions, so that defense counsel may cross-examine the witnesses about this person if necessary. (*Id*. at 2.)

In response, the Government states that it "intends to fully comply with all of its discovery obligations, including producing any *Jencks* Act materials prior to the deposition in this case." (Dkt. No. 28 at 1.) In addition, noting concerns about the safety of the witnesses in this case, based on Defendant's history of violence and the fact that "defendant recently caused someone to improperly contact one of the witnesses, despite the fact that the witness is represented by counsel," (*id*.), the Government requests the Court enter a protective order authorizing the Government to redact, from the materials it provides Defendant, "any personally identifying information pertaining to these witnesses (other than their names),

---

before the depositions take place. (Dkt. No. 29 at 4.) Defendant filed these motions on April 24, 2008; thus, if the Court were to have ordered the information disclosed at least two weeks in advance of the tentatively scheduled depositions, it would have had to have ruled on the motions prior to their noting date.

ORDER – 3

or, in the alternative, prohibiting defense counsel from providing copies of any material tending to identify the witnesses' addresses, employment, and the like." (*Id*. at 1–2.)

## II.      APPLICABLE LEGAL STANDARD

The Government has stated that it intends to fully comply with all of its discovery obligations, including producing any *Jencks* Act materials, prior to the depositions in this case. The Court notes that the Government would be within its rights in withholding *Jencks* Act statements until after the witness testifies on direct—even if the *Jencks* Act statements contain *Brady* information. *See United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004) ("When the defense seeks evidence which qualifies as both *Jencks* Act and *Brady* material, the *Jencks* Act standards control.") (quoting *United States v. Jones*, 612 F.2d 453, 455 (9th Cir. 1979)). As such, if the witnesses *do* testify at trial, the Court would have acted beyond its authority if it ordered the *Jencks* Act material disclosed anytime prior to the conclusion of each witness' direct testimony. However, in light of the fact that the Court has yet to rule whether the depositions at issue might be presented at trial in lieu of live testimony, the Government's decision to provide such statements prior to the depositions is prudent.

The Government, of course, has an independent duty to turn over *Brady* material without any request from Defendant, or the coercion of a court order. Moreover, it must do so at least by the point in time that the disclosure can be effectively used. *Kyles v. Whitely*, 514 U.S. 419, 433 (1995); *United States v. Bagley,* 473 U.S. 667, 682 (1980); *La Mere v. Risley*, 827 F.2d 622, 625 (9th Cir. 1987). Unlike *Jencks* material, district courts have the authority, upon a proper record, to exercise their discretion to require *Brady* material to be disclosed prior to the commencement of trial. *See, e.g.*, *United States v. Starusko*, 729 F.2d 256, 261 (3d Cir. 1984).

In granting the Government's earlier motion for permission to depose Mr. Youngberg and Mr. Tsoukalas in Canada no later than May 23, 2008, (Dkt. No. 18 at 2), the Court noted that, "even if the depositions are successfully completed, if the Government then seeks to admit them at trial in lieu of live testimony, it still must meet all potential evidentiary challenges to that testimony." (*Id*. at 6.) As such, if

ORDER – 4

the Government later seeks the admission of the depositions, whether it provided to Defendant information not ordered disclosed herein, but information that Defendant would likely have by the beginning of trial—such as the identity of the "alleged" new witness, or an exhibit list of those exhibits it might seek to introduce through these witnesses—could very well have an impact on whether the Court finds the depositions admissible. That being said, the admissibility of the depositions is not currently at issue, and the Court decides the issues before it based on the law applicable in the present context.

## III.  CONCLUSION

Consistent with the restrictions noted above, the Court hereby rules, as follows. The Government shall make its relevant *Brady* disclosures by <u>Friday, May 9, 2008, at noon</u>. Because Defendant requests that the Court conduct an in-camera review of the Presentence Reports, (Dkt. No. 26 at 2), the Government shall provide the Court with copies of these documents, together with the summary that the Government intends to provide to Defendant advising him of any *Jencks* or *Brady* material contained therein, (*see* Govt.'s Resp. 3 (Dkt. No. 28)), at least 24 hours prior, by <u>Thursday, May 8, 2008, at noon</u>. To the extent that the Government requests the Court's permission to provide to Defendant information that has previously been sealed by this Court, that permission is GRANTED.

Defendant's requests that the Government be ordered to disclose specific materials, or create materials that do not already exist, or make available certain persons for pre-deposition interviews, are DENIED. Defendant cites no authority in support of its request that the Court require the Government to compel law enforcement agents or witnesses to draft statements that do not already exist, relating their recollections of what was said during the calls at issue, or make these persons available for pre-trial interviews. Insofar as any such statements or reports do exist, if they qualify as *Brady* or *Jencks* material, then the Government is under the obligation to disclose them consistent with governing law. The same is true insofar as the other materials—in whole or in part—that Defendant requests (e.g., plea agreements, grand jury testimony, etc.), qualify as *Brady* or *Jencks* material. The Court will not issue an order requiring the Government to do that which is already required. Further, in light of the Government's

ORDER – 5

representation that it intends to produce virtually all of the materials requested by the end of this week, any such order would be particularly unwarranted in this case. (*See* Govt.'s Resp. 3 (Dkt. No. 28).)

As to the Government's request for a protective order, first, the Court agrees with defense counsel that verbal consent of an attorney representing a witness is sufficient to permit counsel to contact or attempt to contact a represented witness. Second, in light of defense counsel's agreement that Defendant need not be shown or given copies of materials containing contact information such as residence or work addresses, phone numbers, or other identifying particulars such as social security information, the Court will consider entering a revised protective order that includes these restrictions. If the Government seeks such an order, it shall submit a revised proposed protective order to the Court by noon, Thursday, May 8, 2008, for review. The Government shall provide defense counsel with a copy of the proposed revised protective order sufficiently prior to this deadline, so that defense counsel might have an opportunity to comment and suggest any revisions, which comments shall also be filed with the Court by Thursday, May 8, 2008, at noon.

SO ORDERED this 6th day of May, 2008.

John C. Coughenour
United States District Judge

ORDER – 6