The Honorable Judge John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Cause No.  No. CR04-334JCC |
| v. | ) | |
| KYLE GIANIS, | ) | **Motion to Suppress Defendant's Statement** |
| | ) | NOTE FOR MOTION: 05/30/2008 |
| Defendant. | ) | REQUEST FOR EVIDENTIARY HEARING |

Comes now the defendant Kyle Gianis, and through his attorney, Peter A. Camiel, and moves to suppress statements allegedly obtained from Kyle Gianis by ICE agents on December 29, 2007.

**Background**

On May 8, 2008, the defense learned for the first time about the existence of an alleged custodial statement made by Kyle Gianis to ICE agents as he was arrested in New York City, New York. The statement is contained in a document entitled "Removal to the Western District of Washington" which is purportedly a sworn statement of Paul Manning, a special agent with United States Immigration and Customs Enforcement. Although the statement purports to be a sworn statement before United States Magistrate Judge, the signature line of the Magistrate Judge is not endorsed. The written report was produced to defense counsel on May 5th.

**Motion to Suppress Defendant's Statement**   -1-

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551 Fax: 623-5951

According to the document, on December 28, 2007 Kyle Gianis was denied entry into Mexico because there was a warrant for his arrest in the United States. The Mexican authorities placed the defendant on the next flight out of Mexico which was Jet Blue flight B6762 from Cancun, Mexico to JFK International Airport in New York, New York. The ICE attache in Mexico alerted the ICE office at JFK about the defendant, Kyle Gianis' impending arrival. The ICE office at JFK also received the defendant's pedigree information.

On December 29, 2007, at approximately 5:30 a.m., defendant Kyle Gianis arrived on Jet Blue flight B6762 from Cancun, Mexico. As the passengers on flight B6762 exited the plane, ICE agents reviewed their passports in order to identify the defendant Kyle Gianis. ICE agents reviewed Kyle Gianis' passport and identified him as the person being sought in the arrest warrant and placed him under arrest.

According to the document received by the defense, "When ICE agents informed the defendant that he was being arrested based on an arrest warrant issue from a federal court in Washington charging him with conspiracy to distribute effedrine, the defendant stated that he knew what it was about. He indicated that another person who was arrested for that crime probably gave him up."

The Assistant United States Attorney prosecuting this case indicated in an e-mail dated May 8, 2008 that Mr. Gianis allegedly volunteered this information during processing while they were gathering biographical information. The agent also indicated that he does not think that Mr. Gianis had been Mirandized prior to the making of the statement.

**Argument**

Defendant moves to suppress this statement on two grounds. First, the statement was not produced as required by local discovery rules which require Rule 16 materials to be produced at a discovery conference held within 14 days of the defendant's arraignment. Second, as will be discussed below, this was a custodial statement and it appears that the government is conceding that Mr. Gianis was not Mirandized. Whether or not Mr. Gianis volunteered this statement or whether the statement was the product of interrogation is a factual issue which would need to be determined by the Court at an evidentiary hearing.

**Motion to Suppress Defendant's Statement**   -2-

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551 Fax: 623-5951

The report received by the defendant in a document entitled "Removal to the Western District of Washington" does not indicate which agent or agents allegedly obtained or heard this statement. The affiant, Paul Manning, who prepared the document entitled "Removal to the Western District of Washington" does not indicate the it was he who heard this statement. The report does, however, make clear that Mr. Gianis was already placed under arrest at the time that the statement was made and, therefore, the statement was definitely custodial. It also appears that the statement was not made after a proper advisement of rights. Thus, it is incumbent upon the government to prove that the statement was voluntary and not elicited as a product of interrogation. Absent such proof, the statement would not be admissible in the government's case-in-chief.

### Failed to Comply with Local District Court Rule 16

Local District Court Rule 16 provides:

> "At every arraignment at which the defendant enters a plea of not guilty, or other time set by the Court, the attorney for the defendant shall notify the Court and the attorney for the United States, on the record, or thereafter in writing, whether discovery by the defendant is requested. If so requested, within 14 days after said attorney for the defendant and attorney for the government shall confer in order to comply with Rule 16, Federal Rule of Criminal Procedure, and make available to the opposing party the items in their custody or control all which by due diligence may become known to them. ..."

Subsection 1(b) of Local Rule 16 provides:

> "At the discovery conference, the attorney for the government shall comply with the government's obligations under Rule 16 including, but not limited to, the following: . . . (b) with respect to oral statements made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent."

The government did not supply any notice of the statement allegedly made by Mr. Gianis at the time of his arrest until May 8th, weeks after the Rule 16 deadline.

Federal Rule of criminal procedure 16(d)(2)(c) provides the court with broad discretion to fashion a remedy for a party's failure to comply with the rule. One of those remedies is to prohibit that party from introducing the undisclosed evidence.

**Motion to Suppress Defendant's Statement**   -3-

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551 Fax: 623-5951

### An Evidentiary Hearing is Necessary to Determine the Admissibility of Post Arrest Statements Made by Mr. Gianis

The Fifth Amendment right to silence creates a privilege against self incrimination. This privilege guards against the admission of involuntary statements. <u>Miller v. Fenton</u>, 474 U.S. 204 (1985); <u>Mincey v. Arizona</u>, 437 U.S. 385 (1978); <u>Jackson v. Denno</u>, 378 U.S. 368 (1964). Also, since <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), it has been clear that police officers must provide specific warnings before conducting a custodial interrogation.

Once the defendant has been properly warned of his rights, the <u>Miranda</u> rules permit the defendant to waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently. <u>Moran v. Burbine</u>, 475 U.S. 412, 421 (1986). Where the waiver of a fundamental constitutional right is at issue, the burden is a heavy one because this Court must afford the defendant "every reasonable presumption against waiver." <u>United States v. Heldt</u>, 745 F.2d 1275, 1277 (9th Cir. 1984). See also, <u>Terrovona v. Kincheloe</u>, 912 F.2d 1176, 1180 (9th Cir. 1990), *cert. denied* 111 S.Ct. 1631 (1991).

In determining the validity of the waiver, the court must look to the totality of the circumstances. <u>United States v. Bernard S.</u>, 795 F.2d 749 (9th Cir. 1986). A waiver is voluntary if it was the product of free will and deliberate choice rather than intimidation, coercion or deception. Thus, a statement will be deemed involuntary if obtained by threats or violence, direct or implied promises, however slight, or by the exertion of any improper influence. <u>United States v. Eccles</u>, 850 F.2d 1357, 1361 (9th Cir. 1988).

Thus, prior to being able to admit post-arrest statements allegedly made by Mr. Gianis, the government must demonstrate either that Mr. Gianis was properly advised of his <u>Miranda</u> rights and entered a knowing, intelligent and voluntary waiver of those rights or that he volunteered statements without any type of interrogation being involved in eliciting the statements. The only way that the Court can make this determination is to receive evidence and make findings of fact following an evidentiary hearing.

**Motion to Suppress Defendant's Statement**   -4-

**Conclusion**

For all of these reasons, and the interests of justice, this Court should suppress the statements allegedly made by Mr. Gianis or in the alternative, conduct an evidentiary hearing a which time the Court can make findings of fact regarding the admissibility of any such statement.

DATED this 22nd day of May, 2008.

                                  Respectfully submitted,

                                    /s/   Peter A. Camiel

                                  Peter A. Camiel, WSBA #12596

                                  Attorney for Kyle Gianis

**Motion to Suppress Defendant's Statement**   -5-

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551 Fax: 623-5951

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s) and plaintiff.

    /s/   Peter A. Camiel, WSBA #12596

**Motion to Suppress Defendant's Statement**   -6-

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551 Fax: 623-5951