The Honorable Judge John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>　v.<br>KYLE GIANIS,<br><br>　　　　　Defendant. | Cause No.  No. CR04-334JCC<br><br>**Defendant Kyle Gianis' Motion to Prohibit Use of Depositions at Trial**<br><br>NOTE FOR MOTION:  05/30/2008 |

Comes now the defendant Kyle Gianis, through his attorney, Peter A. Camiel, and moves this court to prohibit the government from using depositions in lieu of live testimony at trial. This motion is based upon the defendant's constitutional right to confront witnesses under the Sixth Amendment of the United States Constitution.

**I. Background**

Kyle Gianis is charged in a one count indictment with conspiracy to possess effederine with intent to distribute. The charge is based upon the seizure of two barrels of effederine in a car occupied by David Youngberg and Adam Tsoukalas on March 12, 2004. The government's case against Kyle Gianis is exclusively based upon the testimony of Youngberg and Tsoukalas. The government has no other witnesses connecting Kyle Gianis to the transportation of effederine. The government also has no forensic evidence or other circumstantial evidence connecting to Kyle Gianis to the activities of Youngberg and Tsoukalas.

By order dated March 18, 2008, this Court authorized the government to take the depositions of Youngberg and Tsoukalas in British Columbia, Canada. At the time the Court entered its order, the Court found that the government had made a sufficient showing under Rule 15(a) of the Federal Rules of Criminal Procedure to permit them to take these depositions. This Court, however, stopped short of making a finding that the depositions could be used at trial. This Court specifically noted:

> "Of course, even if the depositions are successfully completed, if the government then seeks to admit them at trial in lieu of live testimony, it must still meet all potential evidentiary challenges to that testimony. Those arguments will be addressed at that juncture, in their proper context."

The government was not required, as this Court has ruled, to make a showing of "unavailability" before they were allowed to take the depositions in this case. The government must now make a showing of unavailability before they may be allowed to use the depositions at trial in lieu of live testimony. This is because the use of depositions in lieu of live testimony implicates the Sixth Amendment to the United States Constitution and the defendant's right to confront witnesses against him at trial. This issue is particularly significant because in this case, the government seeks to present virtually all of its evidence against the defendant by way of deposition rather than having the witnesses come to the courtroom, sit before the jury, face the defendant and testify.

Federal Rule of Criminal Procedure 15(a) provides in pertinent part:

> "Whenever due to exceptional circumstances of the case, it is in the interest of justice that testimony of a prospective witness of a party be taken and preserved for use at trial, the court may upon motion of such party and notice to the parties order that testimony of such witness be taken by deposition and that any designated book, paper document, record, recording or other material not privileged be produced at the same time and place."

Youngberg and Tsoukalas both appeared and testified in the Supreme Court of British Columbia. Both testified that, if required to do so, they would appear at the trial in this matter in Seattle. Each acknowledged that their plea agreements require that they continue to cooperate with the United Sates Attorney and that the required cooperation includes giving trial testimony if asked to appear.

**Defendant Kyle Gianis' Motion to Prohibit Use of Depositions at Trial** -2-

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551 Fax: 623-5951

**II. The Government has not made the Sufficient Showing that the Witnesses are "Unavailable"**

Under Federal Rule of Evidence 804(a)(5), a declarant is unavailable as a witness if he is "absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means." United States v. Yida, 498 F.2d 952 (9th Cir. 2007). These reasonable means must be "genuine and bonafide." It has been held that "even where the absent witness is beyond the court's jurisdiction, the government must show diligent effort on its part to secure the [witnesses] voluntary return to testify." United States v. Wilson, 36 F.Supp.2d 1177, 1180 (N.D. Cal. 1999); see also, United States v. Mann, 590 F.2d 361, 367 (1st Cir. 1978).

In Yida, the court held that in assessing the "reasonable means" requirement, the government has a duty to use reasonable means to procure the presence of an absent witness. The court in Yida also noted that, "where as here, the testimony plays a significant role in the government's case, the standard of reasonableness is further heightened because the accused's confrontation clause rights are strengthened. Yida at 960.

In Yida, the court went on to state that "the primary object of the [confrontation clause] was to prevent depositions . . . being used against the prisoner in lieu of personal examination and cross examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." Mattox v. United States, 156 U.S. 237, 243 (1895) quoted in Yida at 498 F.3d 951-952.

With respect to unavailability, a movant seeking depositions must make some showing that a witness would be unavailable to testify at trial. United States v. Olafson, 213 F.3d 435, 442 (9th Cir. 2000). The Second Circuit has explained that "unavailability is to be determined according to the practical standard of whether under the circumstances [the movant] has made a good faith effort to produce the person to testify at trial." United States v. Johnpoll, 739 F.2d 702, 709 (2nd Cir. 1984).

**Defendant Kyle Gianis' Motion to Prohibit Use of Depositions at Trial** -3-

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551  Fax: 623-5951

Thus, the mere allegation that a foreign witness would not attend trial in the United States has been held insufficient. United States v. Varbaro, 597 F.Supp. 1173, 1181 (S.D. N.Y. 1984) (stating that Rule 15(a) "requires a showing of a specific reason why the witness would not be available. Unfounded speculation is not enough."), overruled on other grounds by United States v. Riccardelli, 794 F.2d 829 (2nd Cir. 1986).

### III. Foreign Depositions have been Held to be "Suspect"

Foreign deposition testimony has been described as "suspect" as "it lacks the sanction of perjury." United States v. Feijoo-Tomala, 751 F.Supp. 40, 43 (E.D. N.Y. 1990) (citing United States v. Alvarez, 837 F.2d 1024, 1029 (11th Cir. 1988); see also, United States v. Drogoul, 1 F.3d 1546, 1551 (11th Cir. 1993).

### IV. There is No Reason the Witnesses Cannot Appear at Trial

In this case, there is no physical barrier to the witnesses appearing in the United States. There is also no legal barrier preventing them from traveling to the United States for purposes of testifying. Indeed, each of the witnesses, pursuant to the plea agreements into which they have entered are obligated to come to the United States and give testimony. They would be in violation of their plea agreements if they refused to come. Finally, each of the witnesses remains under jurisdiction of the Court and that each of the witnesses was sentenced to a term of supervised release. The Court has the ability to enter an order directing each of the witnesses to appear. If the witnesses choose not to appear, they would be in contempt of this Court's order regardless of the fact that the Court may not have jurisdiction to enforce its order.

Thus, this case is distinguishable from cases where the witness may be incarcerated in another country, or where that other jurisdiction may not allow the person to travel, or where the witness would be in some physical danger by traveling from their country to the United States. The witnesses reside in British Columbia, Canada. They are physically closer to this Court than many witnesses who appear from other parts of the United States.

**Defendant Kyle Gianis' Motion to Prohibit Use of Depositions at Trial**     -4-

A claim that the witness is "unwilling" to come to the United States to testify is not sufficient to demonstrate "unavailability." The government should first seek an order from this Court directing the witnesses to appear. The government should then demonstrate all of the efforts it has made to secure the witnesses' appearance, including warning the witnesses that failure to appear would result in vacating their plea agreements. Given that the witnesses were willing to appear at a deposition, there does not appear to be a legitimate reason why the witnesses should not appear in person to give their testimony.

Witness Youngberg testified at his deposition and indicated a willingness and intent to come to the United States to give live testimony. The government is in contact with Mr. Youngberg's attorney, is cognizant of where Mr. Youngberg resides, and has made no showing of any effort to cause him to appear other than claiming that he has now decided not to appear and thus is unavailable. Similarly, witness Tsoukalas had the advice of Canadian counsel during his deposition and also has CJA counsel here in the United States. Tsoukalas is in fact still on active parole based on his conviction before this Court. The government has not made any showing of its efforts to confront witnesses Youngberg and Tsoukalas by reminding them of their obligations under their plea agreements which specifically indicate their duty even after they were sentenced to cooperate and testify if asked to do so. In United States v. Olafson, 213 F.3d 435 (9th Cir. 2000), the court found that good faith exists on the government's part where it is established that the government's efforts are reasonable if an affirmative good faith attempt is made to convince the witness to return to the United States to testify. Olafson, 213 F.3d at 442,

The question here is whether the government used all reasonable means to procure Youngberg and Tsoukalas' attendance at trial. Federal Rule of Evidence 804(a)(5) requires the proponent of a statement to attempt to "procure the declarant's attendance . . . by process or other reasonable means" in order to establish "unavailability." Thus, even though these witnesses are not subject to process because they are beyond the jurisdiction of the United States government, the government must demonstrate that it used other reasonable means to attempt to procure their attendance.

### IV. Conclusion

The government has not met the requirements of showing the witnesses are unavailable because the government has not demonstrated sufficient good faith efforts to secure the witnesses' trial attendance.

Dated this 22nd day of May, 2008.

Respectfully submitted,

/s/   Peter A. Camiel

Peter A. Camiel, WSBA #12596
Attorney for Kyle Gianis

**Defendant Kyle Gianis' Motion to Prohibit Use of Depositions at Trial**   -6-

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551  Fax: 623-5951

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s) and plaintiff.

/s/   Peter A. Camiel, WSBA #12596

**Defendant Kyle Gianis' Motion to Prohibit Use of Depositions at Trial** -7-

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551  Fax: 623-5951