The Honorable Judge John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.  No. CR04-334JCC |
| v. | ) | |
| | ) | **Defendant Gianis'** |
| KYLE GIANIS, | ) | **Motions in Limine** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Comes now the defendant Kyle Gianis, and through his attorney, Peter A. Camiel, makes the following motions in limine to prohibit the following evidence from being elicited during direct or cross examination of any of the witnesses.

### 1.    Defendant's Criminal History or Arrest Record

It appears that Mr. Gianis has no criminal convictions.  According to an RCMP report produced in discovery on February 5, 2008, Mr. Gianis' Canadian Police Information Center records were reviewed.  According to the report, Mr. Gianis has a criminal record in that he is on a stay or proceedings for an assault which occurred in 2005, but "he does not have any convictions."  Therefore, no reference should be made to any arrests or criminal activities for which the defendant was suspected but not convicted unless a showing is made to the Court that such evidence would be relevant pursuant to Federal Rule of Evidence 404(b) or unless Mr. Gianis testifies and places such a matter at issue.

**Defendant Gianis' Motions in Limine**            -1-

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington  98104
(206) 624-1551 Fax:  623-5951

2.      **References by Witnesses Tsoukalas and Youngberg to the Defendant Being a Drug Dealer.**

In a proffer given by David Youngberg, he reportedly referred to the defendant as "a really big time drug dealer." Tsoukalas said Gianis had several grow operations in Canada.

Such a reference or characterization is improper as it is not relevant to any of the matters at issue in this trial.

3.      **Circumstances of Defendant's Arrest**

The defendant, Kyle Gianis was arrested following his attempt to enter Cancún, Mexico at which time he was denied admission and placed on a flight back to New York City where he was arrested by the Federal authorities. The circumstances of the arrest are not relevant to the matters at issue in this case as his arrest took place years after the events at issue.

4.      **Anonymous Letter Received by Authorities**

Mr. Youngberg's mother provided the authorities with a handwritten note directed to the "U.S. Police."

This note is inadmissible hearsay and reference to it should be prohibited.

5.      **Observations of Mr. Gianis' Brother**

In discovery, the government provided a report concerning surveillance of defendant's brother, Nick, on October 11, 2005 as he crossed the border from Canada into the United States going to the Bellis Fair mall. The defendant was not observed at all during this surveillance.

6.      **Motion to Limit Expert DEA Testimony**

Defendant requests that the Court limit the possible "expert" testimony that may be provided by an anticipated DEA special agent. The government has advised that it intends to call DEA Special Agent Errin Jewell as an expert on trafficking and methamphetamine precursors. The government indicates that it will ask Agent Jewell to provide an overview "of the process by which effederine and pseudo effedrine are commonly used to manufacture methamphetamine." The defendant has no objection to this basic testimony. The government, however, also indicates "Agent Jewell will also testify about the structure,

1   hierarchy, organization, and modus operandi of drug trafficking organizations, including common
2   narcotics packaging and storage methods, the use of vehicles to smuggle drugs, and drug traffickers
3   methods of compartmentalizing various tasks of the organization." Defendant does object to this
4   testimony as irrelevant and overly speculative.

5       This is not a case where a driver of a vehicle that is found to contain a controlled substance claims
6   the lack of knowledge and, therefore, unwitting possession of a large amount of an illegal substance.
7   Here, both Youngberg and Tsoukalas admitted knowledge of the barrels of effedrine in the trunk of the
8   vehicle. The issue at trial is whether or not Kyle Gianis solicited these individuals to participate in the
9   smuggling of the effedrine across the border.

10      Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal
11  Rules of Evidence. Evidence is relevant if it has "any tendency to make the existence of any fact that is
12  of consequence to the determination of the action more probable or less probable that it would be without
13  the evidence." Expert testimony concerning the structure of drug trafficking organizations is not relevant
14  here. Nor is it needed to assist the jury's understanding. This is not a complex criminal case. The
15  government's case rests upon the credibility of two witnesses, Youngberg and Tsoukalas. Expert
16  testimony of this nature should not be routinely allowed but instead should only be permitted where it
17  is specifically relevant. See, United States v. Vallejo, 237 F.3d 1008 (9th Cir. 2001) (where the 9th Circuit
18  reversed and remanded a drug conviction because the district court abused its discretion admitting expert
19  testimony on relevancy grounds.).

20      The government also seeks to have Agent Jewell testify regarding the value of the effedrine back
21  in 2004. Defendant has no objection to this testimony.

22      Agent Jewell's testimony should be limited to the process by which effedrine and pseudo effedrine
23  are commonly used to manufacture methamphetamine and to the value of the methamphetamine. He
24  should not be allowed to offer opinions about hypothetical organizations or structures or hierarchies or
25  modus operandi of drug trafficking organizations. Those matters are not at issue in this case.

26
27
28  **Defendant Gianis' Motions in Limine**        -3-

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551 Fax: 623-5951

1    In addition to whether or not the testimony of Agent Jewell would be relevant, the Court also has

2    to find that the testimony is reliable.  The Supreme Court has established that Federal Rule of Evidence

3    702 charges trial judges with the task of insuring "that any and all scientific testimony or evidence

4    admitted is not only relevant, but reliable."  <u>Daubert v. Merrell Dow Pharmaceutical, Inc.</u>, 509 U.S. 579,

5    589 (1993).  The Court has ruled that the gatekeeping role of the district court applies to all expert

6    testimony, not only to "scientific" expert testimony.  <u>Kumho Tire Company, LTD v. Carmichael</u>, 526

7    U.S. 137, 147 (1999).  Here, prior to the admission of any such testimony by Agent Jewell, the Court

8    would have to find that the underpinnings of the testimony were sufficient basis such that the testimony

9    was in fact not only relevant, but reliable.

10   **7.     Reference to the Defendant's Possession of Firearms or Reputation for Violence**

11   Defendant moves to prohibit any testimony regarding the defendant ever having been seen in

12   possession of any firearms or having any type of reputation for violence.

13   In proffers given by government witnesses, they have claimed that the defendant was either known

14   to carry firearms or had been seen with firearms or had a reputation for being violent.  Such testimony

15   is not relevant and in addition is unfairly prejudicial pursuant to Federal Rule of Evidence 403.

16   **8.     Reference to Defendant's Alleged Association with Hells Angels**

17   Defendant moves to prohibit any evidence or testimony about defendant Kyle Gianis' alleged

18   association with the Hells Angels motorcycle club.  Witness Adam Tsoukalas testified at his deposition

19   that he believed that Mr. Gianis was associated with the Hells Angels and that this is one of the reasons

20   why he feared him and was reluctant to testify.  Mr. Gianis is not associated with the Hells Angels.

21   Nevertheless, any reference to the Hells Angels raises extremely prejudicial issues given the reputation

22   this motorcycle club holds.  The evidence is not necessary and should be excluded.

23   **9.     References to Defendant's Use of or Trafficking in Steroids**

24   During his deposition, Mr. Tsoukalas testified that he believed that the defendant Kyle Gianis used

25   steroids and that he had received steroids from Mr. Gianis in the past.  The charges in this case involve

26

27

28   **Defendant Gianis' Motions in Limine**          -4-

1   only the controlled substance effedrine.  Reference to steroids is, therefore, not relevant in addition to

2   being unfairly prejudicial and should be prohibited.

3       **10.    Reference to Phone Call Regarding Package**

4           Both Mr. Tsoukalas and Mr. Youngberg testified at their depositions to having, in the recent past,

5   received phone calls from someone identifying themselves as being with "United Cargo" referencing the

6   delivery of a package.  Both witnesses believed that the phone call was "suspicious" and indicated

7   concern because of the receipt of the phone call that it may be somehow related to their testifying in this

8   case.  Neither of the witnesses gave any testimony about having received any communications from the

9   defendant or members of his family regarding their testimony.  Mr. Youngberg indicated that his family

10  received a call from an attorney or someone identifying himself as an attorney representing Mr. Gianis.

11  Current defense counsel has made no attempt to contact Mr. Youngberg.  Mr. Youngberg was not

12  threatened or intimidated in any way thus reference to the "suspicious" phone calls regarding United

13  Cargo or phone call from an attorney should be prohibited.

14                                  **Conclusion**

15          Defendant requests that the Court rule on the proposed motions in limine prior to the

16  government's opening statements.

17          DATED this 22nd day of May, 2008.

18                                                          Respectfully submitted,

19

20                                                             /s/    Peter A. Camiel

21                                                          Peter A. Camiel, WSBA #12596

22                                                          Attorney for Kyle Gianis

23

24

25

26

27                                                                      *Mair & Camiel, P.S.*
                                                                        710 Cherry Street
28  **Defendant Gianis' Motions in Limine**        -5-                  Seattle, Washington  98104
                                                                        (206) 624-1551 Fax:  623-5951

1

2                              CERTIFICATE OF SERVICE

3          I hereby certify that on May 22, 2008 I electronically filed the foregoing with the Clerk of the

4  Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record

5  for the defendant(s) and plaintiff.

6                                                    /s/   Peter A. Camiel, WSBA #12596

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                             *Mair & Camiel, P.S.*
                                                               710 Cherry Street
28  **Defendant Gianis' Motions in Limine**      -6-          Seattle, Washington  98104
                                                               (206) 624-1551  Fax:  623-5951