The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>                    Plaintiff, <br><br>          v. <br><br> KYLE GIANIS, <br><br>                    Defendant. | NO.   CR04-334RSM <br><br> GOVERNMENT'S RESPONSE TO DEFENSE MOTION TO PROHIBIT USE OF DEPOSITIONS AT TRIAL |

**I. INTRODUCTION**

The United States of America respectfully submits this response to Defendant's Motion to Prohibit Use of Depositions at Trial (Dkt. # 37). The government hopes, and anticipates, that both of its Canadian witnesses, Adam Tsoukalas and David Youngberg, will appear and testify in person at trial, thereby mooting this issue.

However, if they do not appear at trial, they are "unavailable" within the meaning of Fed. R. Civ. P. 15. Moreover, Defendant has had a full and fair opportunity to confront and cross-examine the witnesses during the depositions. They are therefore useable at trial in lieu of live testimony.

**II. BACKGROUND**

The basic background is set forth in the government's trial brief and other prior filings, and will not be repeated at length in the interests of brevity. Briefly, the chief

RESPONSE TO DEFENSE MOTION RE: USE OF DEPOSITIONS - 1
(*Gianis*, CR04-334RSM)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  evidence against this defendant is the testimony of his co-conspirators, David Youngberg
2  and Adam Tsoukalas.  Both witnesses are Canadian citizens (as is this Defendant), and
3  both currently reside in Canada.  Both Tsoukalas and Youngberg were charged in this
4  Court, and ultimately agreed to cooperate and plead guilty to federal offenses.
5  Youngberg pleaded guilty to a misprison of a felony, in violation of Title 18,
6  United States Code, Section 4.  He was sentenced to twenty-one months incarceration on
7  or about September 24, 2004, and has since been released and returned to Canada.
8  Tsoukalas was ultimately sentenced to sixty months incarceration.  He was transferred to
9  Canada on or about September 25, 2007 pursuant to the Convention on the Transfer of
10  Sentenced Persons.  Tsoukalas was recently released from custody, but remains on Parole
11  in Canada.
12       After Gianis' arrest and transfer to this District, the government contacted both
13  Youngberg (through his U.S. counsel, Nancy Tenney) and Tsoukalas (through his
14  mother).  Youngberg indicated through counsel that he might be prepared to testify, but
15  was somewhat reluctant and equivocal.  Tsoukalas's mother told the agent and AUSA
16  that her son would not cooperate.
17       The government then moved the Court to authorize the government to take
18  perpetuation depositions of each man pursuant to Rule 15 (Dkt. # 13).  The Honorable
19  John C. Coughenour granted the motion over the defendant's objection in an order dated
20  March 18, 2008 (Dkt. # 18).  The government then applied for, and received, Canadian
21  government assistance in scheduling and conducting the depositions pursuant to the
22  mutual legal assistance treaty between the two countries.
23       Both Tsoukalas and Youngberg were deposed in Vancouver, Canada on May 14
24  and May 15, 2008.  The depositions were conducted in the Supreme Court for British
25  Columbia (which is the equivalent of our Federal District Court), before The Honorable
26  Madam Justice L. B. Gerow, who administered oaths to each witness.  Defense counsel
27  Peter Camiel participated in person, and had the opportunity to cross-examine each
28  witness.  Defendant was able to observe the proceedings live via video-conference link

RESPONSE TO DEFENSE MOTION RE: USE OF DEPOSITIONS - 2
(*Gianis*, CR04-334RSM)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  from the FDC; also present with him was Peter Mair, Mr. Camiel's partner. Mr. Camiel
2  had the opportunity to confer with his client via telephone at breaks during his cross-
3  examination. Both depositions were transcribed by an American court reporter and
4  videotaped. During the depositions, both defendants indicated they intended to appear at
5  trial, if required to do so.

6  In addition, both men were served with trial subpoenas in this matter in
7  conjunction with their depositions, which included instructions on how to make travel
8  arrangements and other logistical details.

9  Since the depositions, both defendants have given conflicting information about
10 whether they intend to appear at trial. Both witnesses have expressed significant fear and
11 retaliation from the defendant and his associates if they do testify. As of the date of this
12 response, it is the government's belief that Tsoukalas does intend to appear in Court,
13 albeit reluctantly. Youngberg has indicated through is lawyer that he "prefers not to
14 appear," but it is unclear if he will actually fail to do so.

15 Both during the depositions, and since, the government has made it clear to both
16 defendants that it believes their respective plea agreements do require them to appear at
17 trial in person, and that a failure to do so will constitute a breach of their plea agreements.
18 As recently as May 27, 2008, the undersigned AUSA communicated that position to
19 Mr. Tsoukalas via both his mother and his Canadian Probation Officer, and to Mr.
20 Youngberg via Ms. Nancy Tenney, his U.S. counsel.

### III. LEGAL ANALYSIS

Federal Rule of Criminal Procedure 15(a) provides in pertinent part:

> Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party **be taken and preserved for use at trial**, the court may upon motion of such party and notice to the parties order the testimony of such witness be taken by deposition and that any designated book, paper, document, record, recording, or other material not privileged, be produced at the same time and place.

(Emphasis added). The rule, by its very terms, contemplates the use of the depositions at trial if the witness is in fact unavailable.

RESPONSE TO DEFENSE MOTION RE: USE OF DEPOSITIONS - 3
(*Gianis*, CR04-334RSM)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   A defendant's right to a face-to-face meeting with witnesses appearing before the trier of fact is not absolute. *United States v. Medjuck*, 156 F.3d 916, 919 (9th Cir. 1998). In *Medjuck* the defendant was charged for his participation in an international conspiracy to import 70 tons of hashish from Pakistan to Canada and the United States. The Ninth Circuit affirmed the trial court's decision to admit, over Medjuck's objection, videotaped testimony of two Canadian witnesses. *Medjuck*, 156 F.3d at 917-18. *Medjuck* is indistinguishable from this case. When the government is unable to obtain the presence of a witness at trial, "Rule 15 is not violated by the admission of the videotaped testimony so long as the government makes diligent efforts to secure the defendant's physical presence at the deposition and, failing this, employs procedures that are adequate to allow the defendant to take an active role in the deposition proceedings." *Medjuck*, 156 F.3d at 920.

In *Medjuck*, where Canadian witnesses were not available for trial and were beyond the subpoena power of the United States, the government set up an elaborate system to allow Medjuck to remain in the United States, to witness the depositions in Canada by live video-feed, and to participate with his attorneys in Canada by private telephone during each of the depositions. In the instant case, the government employed the same or similar procedures as those approved by the *Medjuck* court.

The government has made, and is continuing to make, every effort to secure the in person appearance of both witnesses, including threats. However, if they chose not to appear, there is little the government can do in short order to compel their attendance. The U.S. Marshal's service cannot execute a bench warrant in Canada. The Canadian government has no legal means to compel a Canadian citizen to travel to this country to testify against his or her will, although as to Tsoukalas it may be a breach of the conditions of his parole if he refuses to cooperate.

Practically speaking, the only way to force defendants to come to the United States, if one or both witnesses fails to appear, is for the government to move to withdraw from the plea agreements, and likely seek to charge one or both defendants with

RESPONSE TO DEFENSE MOTION RE: USE OF DEPOSITIONS - 4
(*Gianis*, CR04-334RSM)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 more serious offenses related to their conduct.  The government would then be in the
2 position of having to extradite both men from Canada to face those charges.  Obviously,
3 that is likely to be a long, drawn-out process at best.

### IV.  CONCLUSION

The government anticipates, and hopes, that both witnesses will appear at trial.  If they do not, the Court should allow their videotaped depositions in lieu of their live testimony.

DATED this 28th day of March, 2008.

Respectfully submitted,

JEFFREY C. SULLIVAN
United States Attorney

  /s Vincent T. Lombardi
VINCENT T. LOMBARDI
WSBA # 21967
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Ste. 5520
Seattle, Washington 98101
Facsimile: 206-553-4440
Phone: 206-553-5178
E-mail: vince.lombardi@usdoj.gov

RESPONSE TO DEFENSE MOTION RE: USE OF DEPOSITIONS - 5
(*Gianis*, CR04-334RSM)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).  I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via telefax.

 s/ Stephanie J. Orona
STEPHANIE J. ORONA
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-4228
Fax: 206-553-0755
E-mail: Stephanie.Orona@usdoj.gov

RESPONSE TO DEFENSE MOTION RE: USE OF DEPOSITIONS - 6
(*Gianis*, CR04-334RSM)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970