The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KYLE GIANIS, <br><br> Defendant. | NO.  CR04-334RSM <br><br> GOVERNMENT'S RESPONSE TO DEFENSE MOTION TO SUPPRESS DEFENDANT'S STATEMENT |

## I. INTRODUCTION

The United States of America respectfully submits this response to Defendant's Motion to Suppress Defendant's Statement (Dkt. # 36).  First, Defendant's statement was volunteered during routine biographical questioning after his arrest in New York, and was not elicited by government interrogation.  Accordingly, its admission does not violate *Miranda*.  In addition, the government produced the statement to the defense as soon as it was received by the undersigned AUSA, and well in advance of trial.  There is therefore no discovery violation, and no prejudice to the defense justifying its exclusion on that basis.

The government agrees that an evidentiary hearing is likely necessary to fully resolve the first issue.  The government respectfully suggests that the hearing be scheduled during trial.  The necessary witness, ICE Agent Paul Manning, is based in New

RESPONSE TO DEFENSE MOTION TO SUPPRESS - 1
(*Gianis*, CR04-334RSM)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  York, and will have to travel here in any event to testify at trial.[1]  Having him fly to
2  Seattle for a hearing prior to the trial date on June 2, 2008 would be inefficient.

## II. BACKGROUND

The basic background is set forth in the government's trial brief and other prior filings, and will not be repeated at length in the interests of brevity.  To focus on the pertinent facts for this motion, defendant attempted to travel from Canada directly to Mexico in late December, 2007.  The Mexican government denied him entry into Mexico, and placed him on a flight out of that country.  Unfortunately for Mr. Gianis, that flight stopped in the United States.  Mr. Gianis was arrested in New York on or about December 28, 2007, pursuant to the arrest warrant associated with this case.

During routine biographical and booking processing agents informed Gianis that he was arrested based on a warrant issued from a federal court in Washington charging him with conspiracy to distribute ephedrine.  Agents asked him if he was aware of the existence of the warrant.

Gianis answered that no, he was not aware of the warrant.  He then volunteered that he knew what it was about, and that another person who was arrested for a crime probably gave him up.

No report was prepared of the statement.  However, the ICE Agent to whom the statement was volunteered, Paul Manning, did write up a short document that resembled a complaint.  It does not appear that the document was ever filed with the New York court, and it was in any event not forwarded on to either the local case agent (ICE Special Agent Brian Faria) or the undersigned AUSA with the other transfer paperwork.

In subsequent conversations with Agent Manning, he has confirmed that Gianis had not been *Mirandized* at the time he made the statement, for the simple reason that Agent Manning did not believe he was interrogating Defendant.  Agent Manning will

---

[1] Agent Manning has previously scheduled vacation over this coming weekend.  The government anticipates he will arrive in District late Monday night or Tuesday morning, and would be available to testify at the suppression hearing and at trial, if permitted, Tuesday afternoon.

RESPONSE TO DEFENSE MOTION TO SUPPRESS - 2
(*Gianis*, CR04-334RSM)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 testify that he did not intend to interrogate the Defendant, because he did not know
2 enough about the case to ask any meaningful questions about the case.
3   As discovery in this case progressed, the undersigned asked the Case Agent to
4 confirm with the New York agents that the government had produced everything in its
5 collective possession.  In researching the issue, Special Agent Faria spoke to Agent
6 Manning and discovered the existence of this document.  He secured a copy, passed it on
7 to the undersigned AUSA, who then promptly produced it to defense counsel on or about
8 May 5, 2008, almost a month prior to the current trial date.

## III. LEGAL ANALYSIS

10   Gianis' volunteered statement is admissible against him.  First, the government did
11 not violate any discovery rule requiring exclusion.  Defendant received the statement in
12 question almost a month prior to trial, immediately after the AUSA assigned to the matter
13 became aware of its existence.  There was no discovery violation, and certainly no
14 violation justifying the statement's exclusion.  Second, defendant volunteered the
15 statements in question during routine biographical questioning, not interrogation.  As
16 such, there was no violation of *Miranda*.

17 **A.   The Government Has Complied with Its Discovery Obligations in Good Faith,**
18       **And Defendant Suffered No Prejudice by Any Delay**.

19   The defense asserts a violation of Local Rule 16, and suggests that complete
20 suppression is the proper remedy.  This argument fails, because (a) the government did
21 not intentionally violate Rule 16, and (b) even if there was a technical violation,
22 suppression is not the appropriate remedy.
23   As set forth above, Mr. Gianis was arrested in New York, and made the statement
24 in question to a New York agent.  That agent recorded the statement in a signed
25 document, drafted for filing with the Court.  However, it appears the document was never
26 in fact filed, and it was not sent along with the other transfer paperwork.  Accordingly,
27 neither the undersigned AUSA nor the case agent received the document.
28   As trial approached, the AUSA contacted the case agent and instructed him to

RESPONSE TO DEFENSE MOTION TO SUPPRESS - 3
(*Gianis*, CR04-334RSM)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 check again and make sure that all discoverable information had been received and
2 produced to the defense.  When the case agent contacted his New York counterpart, he
3 found out about the document, procured a copy, and provided it to the undersigned.  It
4 was promptly produced to the defense, almost a full month before trial.

5       In short, there was no intentional or willful violation of Local Rule 16.  The
6 defense has failed to allege that it was prejudiced in any way by the "late" production of
7 this statement.  Nor does the defense suggest a motive for the alleged discovery violation.
8 The government has gained no tactical advantage by virtue of the timing of the disclosure,
9 which was made well before the expiration of the government's plea offer, and well
10 before trial.

11       Even if there was a violation of LR 16, the defense's suggested remedy of
12 suppression is inappropriate.  Not every violation of the discovery rules requires a
13 remedy, much less one as draconian as the suppression of otherwise relevant testimony.
14 *U.S. v. Mendoza-Paz,* 286 F.3d 1104, 1111 (9th Cir. 2002).  Suppression is a drastic
15 remedy for a discovery violation, and should only be used when (a) there is real prejudice
16 to the defendant due to the alleged violation, and (b) there is no other remedy.  "Exclusion
17 of a witness as a sanction for a violation of a discovery rule in a criminal trial is generally
18 appropriate "only in cases involving 'willful and blatant' " violations." *U.S. v. Verduzco,*
19 373 F.3d 1022, 1033 (9th Cir. 2004) (internal citations omitted).  "The goal of discovery
20 in criminal trials is to insure a fair and thorough determination of defendant's guilt or
21 innocence.  In order to reach this goal, suppression of evidence must be viewed as an
22 undesirable remedy reserved for cases of incurable prejudice or bad faith conduct
23 demanding punishment by the court." *U.S. v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995).
24       Here, there has been no showing of bad faith or tactical delay by the government.
25 The defense was not prejudiced in any way, because it received the statement
26 approximately a month prior to trial, and in sufficient time to fully evaluate its impact and
27 file this motion to suppress.  There is therefore no grounds to suppress the motion due to
28 the alleged discovery violation.

RESPONSE TO DEFENSE MOTION TO SUPPRESS - 4
(*Gianis*, CR04-334RSM)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  **B.  <u>The Defendant Volunteered the Statement In Question During Routine</u>**
2  **<u>Booking and Processing Questioning</u>**.

3  Defendant's statement to Mr. Manning is not subject to suppression.  While the
4  defendant had not been read his *Miranda* rights, defendant volunteered the statement
5  during questioning that was not "interrogation" as defined in *Miranda*.

6  "Miranda was, and remains, a prophylactic device designed to protect the exercise
7  of Fifth Amendment rights by criminal defendants.  Absent procedural safeguards,
8  custodial interrogation 'contains inherently compelling pressures which work to
9  undermine the individual's will to resist and compel him to speak where he would not
10 otherwise do so freely.'  The mere existence of custody alone, however, does not
11 necessarily give rise to these inherent psychological pressures. Thus, the 'spontaneous' or
12 'volunteered' confession of a suspect in custody is admissible despite the absence of prior
13 *Miranda* warnings."  *U.S. v. Booth*, 669 F.2d 1231, 1237 (9th Cir. 1981).

14 This determination, must be made on a case-by-case basis.  *See United States v.*
15 *Rubies*, 612 F.2d 397, 404 n.8 (9th Cir. 1979), *cert. denied*, 446 U.S. 940, 100 S.Ct. 2162,
16 64 L.Ed.2d 794 (1980).  The test is an objective one, however, and thus the subjective
17 intent of the police, while relevant, is not conclusive. . . . the ultimate test for whether
18 questioning constitutes interrogation is whether, in light of all the circumstances, the
19 police should have known that a question was reasonably likely to elicit an incriminating
20 response." *Booth*, 669 F.2d at 1238.

21 The case of *United States v. Foster*, 227 F.3d 1096 (9th Cir. 2000) is directly on
22 point.  In *Foster*, the defendant was caught at the border with marijuana in his vehicle.
23 The defendant was arrested, and provided with his *Miranda* rights. The defendant
24 immediately invoked his rights and asked for an attorney.

25 Despite that invocation, agents continued to question the defendant about
26 biographical details, such as his true name, his address, and employment.  Over the course
27 of their discussion, the agent engaged in casual conversation with the defendant about
28 music, and other innocuous topics.  During one of these conversations, the defendant

RESPONSE TO DEFENSE MOTION TO SUPPRESS - 5
(*Gianis*, CR04-334RSM)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  made a number of incriminating statements.

2      The trial court admitted these statements over the defendant's objections, and the Ninth Circuit affirmed that decision (although it reversed on other grounds). There was no dispute that the defendant had invoked his *Miranda* rights. The only issue was whether the statements actually were elicited during "interrogation" as defined by *Miranda*. The Ninth Circuit concluded that they were not. First, limited biographical questions are permitted even after a person invokes his or her *Miranda* rights, and they simply do not constitute "interrogation" to which those rights attach. Rather, "interrogation" is defined to "extend only to words or actions on the part of police officers that they should have known were reasonably likely to elicit an incriminating response." *Foster* 227 F.3d at 1103, quoting *Rhode Island v. Innis*, 446 U.S. 291, 301-02 (1980).

### IV. CONCLUSION

The government timely complied with its discovery obligations, and defendant volunteered his statement. It should therefore be admitted at trial.

DATED this 29th day of March, 2008.

Respectfully submitted,

JEFFREY C. SULLIVAN
United States Attorney

  /s Vincent T. Lombardi
VINCENT T. LOMBARDI
WSBA # 21967
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Ste. 5520
Seattle, Washington 98101
Facsimile: 206-553-4440
Phone: 206-553-5178
E-mail: vince.lombardi@usdoj.gov

RESPONSE TO DEFENSE MOTION TO SUPPRESS - 6
(*Gianis*, CR04-334RSM)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s). I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via telefax.

 s/ Stephanie J. Orona
STEPHANIE J. ORONA
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-4228
Fax: 206-553-0755
E-mail: Stephanie.Orona@usdoj.gov

RESPONSE TO DEFENSE MOTION TO SUPPRESS - 7
(*Gianis*, CR04-334RSM)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970