The Honorable Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> KYLE GIANIS, ) <br> ) <br> Defendant. ) <br> _____ ) | Cause No.  No. CR04-334RSM <br><br> **Defendant's Trial Brief** |

Comes now the defendant, Kyle Gianis, through his attorney, Peter A. Camiel, and submits this trial brief to acquaint the Court with the expected evidence and legal issues to arise in this case scheduled for trial June 2, 2008.

**I. Deposition Testimony of Tsoukalas and Youngberg**

The Honorable Judge John C. Coughenour granted the government's motion to take depositions of witnesses Tsoukalas and Youngberg. Those depositions were taken over defendant's objection. The depositions occurred on May 14th and 15th, 2008 in the Supreme Court of British Columbia in Vancouver, Canada. The defendant maintains his objection to use of the depositions at trial in lieu of live testimony. The defendant under docket number 37 filed a motion to prohibit use of depositions at trial. Should th witnesses Tsoukalas and Youngberg fail to appear, defendant requests that the Court hear argument regarding whether or not the depositions may be used.

**II. Motions in Limine**

**Defendant's Trial Brief - 1**

Defendant has filed various motions in limine under docket number 38 asking that the Court prohibit the introduction of certain items of evidence as listed. Defendant requests the opportunity to argue the motions in limine prior to opening statements.

### III. Defendant's Post-Arrest Statement

Defendant has filed at docket number 36 a motion to suppress defendant's statement. The existence of this statement was not made known until after the original pre-trial motions date had passed. The defendant requests an evidentiary hearing on the admissibility of the statement and, in particular, on the manner in which the statement was taken from the defendant. Defendant maintains the statement was taken in violation of Miranda v. Arizona.

### IV. Cross Examination of Government Witnesses

By separate memorandum, docket number 40, defendant has set forth arguments in support of cross examination of witness David Youngberg with regard to his mental status both presently and at the time of the offense in this case, March 12, 2004.

Generally, defendant should be permitted to cross examine the government's key witnesses, Youngberg and Tsoukalas to show bias. Cross examination regarding bias include the ability to cross examine the witnesses regarding their plea agreements entered into with the United States, the benefits they received including reduced charges and reduced sentences and treaty transfers and the fact that they are still under obligation to testify for the government even though they have already served their sentences. United States v. Schoneberg, 396 F.3d 1036 (9th Cir. 2005).

Defendant should also be permitted to cross examine each of these witnesses regarding prior statements they made which are inconsistent with their present testimony. For example, each of the witnesses initially denied that there was any contraband in the vehicle. Their stories then changed and when asked what was in the containers, Tsoukalas indicated, "Just some stuff." Later that same evening, Tsoukalas was asked who put the containers in the trunk of the vehicle and he refused to answer. Youngberg gave a variety of different versions of events starting with his claim that defendant Kyle Gianis had borrowed his car earlier that day for a couple of hours and then later returned it and that Youngberg

**Defendant's Trial Brief - 2**

had not looked in the trunk since the night before. Both witnesses then claimed that Kyle Gianis had been involved in putting the containers into the trunk of the car.

Subsequently, both witnesses gave proffers in May of 2004 at which time their stories again changed. This time they indicated the presence of an Asian male when the containers were placed in the vehicle. At the witnesses' depositions in May of 2008, both witnesses then had new versions of events which included the fact that Adam Tsoukalas had borrowed Mr. Youngberg's car the day before the arrest. They also now both claim that they stopped on the way to the border to look in the trunk so that Tsoukalas could show Youngberg what was in the containers. Defendant is entitled to show all of the inconsistencies between prior statements and their present testimony in order to challenge the credibility of the witnesses. The defendant should be given the maximum opportunity to impeach the credibility of a key witness. United States v. Williams, 668 F.2d 1064, 1070 (9th Cir. 1981).

In this case, the government's star witnesses and only real witnesses that provide incriminating evidence against Kyle Gianis are Youngberg and Tsoukalas. The government has no forensic evidence to corroborate any involvement of Mr. Gianis in the smuggling of the ephedrine canisters. The government has no other witnesses who will testify about Mr. Gianis being involved in this incident. Therefore, the defendant should be permitted wide latitude in cross examining these witnesses.

The right to confrontation enshrined in the Sixth Amendment includes the right to cross examine adverse witnesses. Davis v. Alaska, 415 U.S. 308, 315-316 (1974). This right, in turn, ensures a defendant's opportunity to demonstrate any possible bias in the adverse witness as well as his motivation for testifying. When exploring the credibility of a prosecution witness who testifies against a criminal defendant, it is axiomatic that the defendant may employ the witnesses prior inconsistent statements in order to impeach the credibility of the witness. United States v. Adamson, 291 F.3d 606, 612 (9th Cir. 2002). In addition, "wide latitude in cross examination is especially appropriate when the key witness is an accomplice of the accused." As the court stated in United States v. Mayans, 17 F.3d 1174, 1184 (9th Cir. 1994), the right to cross examine is "especially important with respect to accomplices or other witnesses who may have substantial reason to cooperate with the government."

**Defendant's Trial Brief - 3**

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551 Fax: 623-5951

Given the significance of the government's witnesses', Tsoukalas and Youngberg's testimony, the lack of any corroborating evidence and the benefits received by these witnesses, defendant should be granted broad latitude in cross examining each of these witnesses.

### V. Expert Witnesses

In his motions in limine, defendant has objected to the broad testimony the government proposes to elicit from DEA Special Agent Errin Jewell with regard to testimony about "drug smuggling and trafficking organizations." The defendant has no objection to testimony regarding the use of ephedrine to manufacture methamphetamine or the street value of ephedrine. It should be noted that Agent Jewell was not one of the investigating officers in this case.

### VI. Conclusion

Defendant anticipates that, including jury selection and opening and closing arguments, the case should last approximately three to four days.

DATED this 29th day of May, 2008.

Respectfully submitted,

/s/   Peter A. Camiel
Peter A. Camiel, WSBA #12596
Attorney for Kyle Gianis

**Defendant's Trial Brief - 4**

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551  Fax: 623-5951

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s) and plaintiff.

/s/   Peter A. Camiel, WSBA #12596

**Defendant's Trial Brief - 5**

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551  Fax: 623-5951