The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO. CR04-334RSM |
| Plaintiff, ) | |
| ) | [PROPOSED] PLAINTIFF'S |
| ) | REQUESTED INSTRUCTIONS |
| ) | |
| v. ) | (UNCITED) |
| ) | |
| KYLE GIANIS, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

[PROPOSED] PLAINTIFF'S REQUESTED INSTRUCTIONS

Respectfully submitted,

JEFFREY C. SULLIVAN
United States Attorney

s/ VINCENT T. LOMBARDI
Assistant United States Attorney
Washington State Bar # 21967
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
Tel. (206) 553- 5178        Fax: (206) 553-0755
E-mail: Vince.Lombardi@usdoj.gov

DATED this 29th day of May, 2008.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  These are preliminary instructions.  At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

1  |  PLAINTIFF'S REQUESTED INSTRUCTION NO.

2  |  INSTRUCTION NO. _____

3

4  This is a criminal case brought by the United States government.  The government

5  charges the defendant with one count of conspiracy to possess ephedrine with intent to

6  distribute it.  The charges against the defendant are contained in the indictment.  The

7  indictment is simply the description of the charges made by the government against the

8  defendant; it is not evidence of anything.

9  In order to help you follow the evidence, I will now give you a brief summary of

10  the elements of the crimes which the government must prove to make its case:

11  As to Count One, Conspiracy to Possess Ephedrine with the Intent to Distribute,

12  the government must prove the following beyond a reasonable doubt:

13  *First*, that within the five years prior to March 12, 2004, the defendant entered into

14  an agreement with at least one other person to commit the crime of possessing ephedrine

15  with the intent to distribute it;

16  *Second,* that the defendant became a member of the conspiracy knowing of at least

17  one of its objects and intending to help accomplish it.

18  The elements of the crime of possessing ephedrine with the intent to distribute it

19  are as follows:

20  *First,* that on or about the date listed in the indictment, someone knowingly

21  possessed ephedrine;

22  *Second,* that they possessed the ephedrine intending to distribute it to another

23  person;

24  *Third,* that ephedrine is a listed chemical; and

25  *Fourth*, that the defendant intended to distribute the ephedrine knowing, or having

26  reasonable cause to believe, that it would be used to manufacture methamphetamine, or

27  some other prohibited drug.

28  These instructions are preliminary and the instructions I will give at the end of the

1  case will control.

2        The defendant has pleaded not guilty to the charge and is presumed innocent

3  unless and until proved guilty beyond a reasonable doubt.  A defendant has the right to

4  remain silent and never has to prove innocence or present any evidence.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are to be received into evidence; and

3.      any facts to which all the lawyers stipulate.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____


The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

1.      statements and arguments of the attorneys;

2.      questions and objections of the attorneys;

3.      testimony that I instruct you to disregard; and

4.      anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.  You are to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness' memory;

3.      the witness' manner while testifying;

4.      the witness' interest in the outcome of the case and any bias or prejudice;

5.      whether other evidence contradicted the witness' testimony;

6.      the reasonableness of the witness' testimony in light of all the evidence; and

7.      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____

I will now say a few words about your conduct as jurors.

Until the trial is over:

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. ____

   At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

1   PLAINTIFF'S REQUESTED INSTRUCTION NO.

2   INSTRUCTION NO. _____

3

4   If you wish, you may take notes to help you remember what witnesses said.  If you

5   do take notes, please keep them to yourself until you and your fellow jurors go to the jury

6   room to decide the case.  Do not let note taking distract you so that you do not hear other

7   answers by witnesses.  When you leave, your notes should be left in the [court room]

8   [jury room] [envelope in the jury room].

9   Whether or not you take notes, you should rely on your own memory of what was

10  said.  Notes are only to assist your memory.  You should not be overly influenced by the

11  notes.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____


The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return - that is a matter entirely up to you.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____


The indictment is not evidence.  The defendant has pleaded not guilty to the charge.  The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charge beyond a reasonable doubt.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____

The evidence from which you are to decide what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which have been received into evidence; and

3.      any facts to which all the lawyers have stipulated.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____

In reaching your verdict you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the question, the objection, or the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness' memory;

3.      the witness' manner while testifying;

4.      the witness' interest in the outcome of the case and any bias or prejudice;

5.      whether other evidence contradicted the witness' testimony;

6.      the reasonableness of the witness' testimony in light of all the evidence; and

7.      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____

You have heard evidence that certain witnesses have been convicted of a felony. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____


You have also heard testimony from Adam Tsoukalas and David Youngberg, who each admitted being an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.  Both men pleaded guilty to a crime arising out of the same events for which the defendant is on trial, agreed to cooperate, and received benefits from the government in connection with this case.  Tsoukalas and Youngberg's guilty pleas are not evidence against the defendant, and you may consider it only in determining this witnesses' believability.

For these reasons, in evaluating these witnesses' testimony, you should consider the extent to which or whether the witness's testimony may have been influenced by any of these factors. In addition, you should examine the witness's testimony with greater caution than that of other witnesses.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. ____


You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____


Certain charts and summaries have been received into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. ____

The defendant is charged in Count 1 of the indictment with conspiring to possess ephedrine with the intent to distribute it, in violation of Sections 841(c)(2) and 846 of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, within the last five years, and ending in or about March 12, 2004, there was an agreement between Kyle Gianis and another person to commit the crime of possessing ephedrine with the intent to distribute it, as charged in the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership - an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.

On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

1  PLAINTIFF'S REQUESTED INSTRUCTION NO.

2  INSTRUCTION NO. ____

3

4  A conspiracy may continue for a long period of time and may include the

5  performance of many transactions.  It is not necessary that all members of the conspiracy

6  join it at the same time, and one may become a member of a conspiracy without full

7  knowledge of all the details of the unlawful scheme or the names, identities, or locations

8  of all of the other members.

9  Even though a defendant did not directly conspire with other conspirators in the

10  overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is

11  proved beyond a reasonable doubt that:

12  (1)  the defendant directly conspired with one or more conspirators to carry out

13  at least one of the objects of the conspiracy,

14  (2)  the defendant knew or had reason to know that other conspirators were

15  involved with those with whom the defendant directly conspired, and

16  (3)  the defendant had reason to believe that whatever benefits the defendant

17  might get from the conspiracy were probably dependent upon the success of

18  the entire venture.

19  It is no defense that a person's participation in a conspiracy was minor or for a

20  short period of time.

21

22

23

24

25

26

27

28

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____

The object of the conspiracy was to possess ephedrine with the intent to distribute it. I will explain the elements of that offense, to assist you in evaluating whether the government has proven the elements of the conspiracy charge. The elements of the crime of possession of ephedrine with the intent to distribute it are as follows:

First, that on or about the date listed in the indictment, someone knowingly possessed ephedrine;

Second, that person possessed it with the intent to distribute it to another person;

Third, ephedrine is a listed chemical; and

Fourth, the defendant possessed it knowing, or having reasonable cause to believe, that it would be used to manufacture methamphetamine.

It does not matter whether defendant knew that ephedrine was a listed chemical. It is sufficient that the defendant knew or had reasonable cause to believe that it would be used to manufacture methamphetamine or some other prohibited drug.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____

When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1    PLAINTIFF'S REQUESTED INSTRUCTION NO.

2    INSTRUCTION NO. _____

3

4    Your verdict must be based solely on the evidence and on the law as I have given it

5    to you in these instructions.  However, nothing that I have said or done is intended to

6    suggest what your verdict should be - that is entirely for you to decide.

PLAINTIFF'S REQUESTED INSTRUCTION NO.

INSTRUCTION NO. _____

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.