The Honorable Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.  No. CR04-334JCC |
| v. | ) | |
| | ) | **Defendant's Objections to Specific Questions** |
| KYLE GIANIS, | ) | **and Answers in Depositions** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Comes now the defendant, Kyle Gianis, through his attorney, Peter A. Camiel, and makes the following specific objections to questions asked or answers given during the court authorized depositions of witnesses Youngberg and Tsoukalas.

### 1.   David Youngberg's Deposition

**Page 35, Line 13**

Question: Did you have any concerns about testifying today?

Answer: Yes.

Question: Okay.  And why were you concerned about testifying today?

Mr. Camiel: I'm going to object on relevance grounds.

Answer: Because of repercussions.

Question: What king of repercussions?

Answer: Well testifying against a drug case.

**Defendant's Objections to Specific
Questions and Answers in Depositions - 1**

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington  98104
(206) 624-1551  Fax:  623-5951

1    Question: And why would that concern you?

2    Answer:   And somebody who is accused of, of a ...

3    Question: Had anything happened to you this year that caused you to be particularly concerned?

4    Mr. Camiel: Object as to relevance.

5    Answer: Yes.

6    Question: Can you tell the jury I guess about that?

7    Answer: I did get a call on my cell phone one morning.  It was Kyle's lawyer.

8    Question:   Okay.

9    Answer:   It was not expected.  I was at work, and I didn't even look to see who was calling.  I just

10   figured it out, figured it was someone from work.  And I answered it.

11   Question: How did you know it was Kyle's lawyer?

12   Answer: He said who he was.

13   Question: Do you remember what the name was?

14   Answer: I thought it was Henderson or something, but I can't remember.

15   Question: Okay.  Do you know how, whoever this person was got your cell phone number?

16   Answer: Two days prior to that I got a call from United Cargo saying there was a package.  And that was

17   on my dad's business phone.

18   Question:   Okay.

19   Answer: It was about a package they had for me.

20   Question: Did they tell you anything about the package and why they had to contact you?

21   Answer:   That it had my name on the package and the return address had been, had fallen off during

22   shipping.

23   Question:   And so they were looking for your address, is that ...?

24   Answer:   Yes.

25   Question:   And so how did that lead to them getting your cell phone number?

26   Answer: That I called about it and they got my address that way.

27

28   **Defendant's Objections to Specific**
     **Questions and Answers in Depositions - 2**

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington  98104
(206) 624-1551  Fax:  623-5951

1   Question: Did you, did you ever get this package, this mythical package?

2   Answer: No.

3   Question:   Okay.

4   Answer:   Four to five business days.

5   Mr. Camiel: I'm going to object to the characterization of the package.

6   Answer:   Supposed to be.

7                               **Additional Basis for Objection**

8          Defendant objects to any evidence of Mr. Youngberg having received a phone call from

9   defendant's lawyer (defendant's prior attorney, not current counsel) or any testimony regarding United

10  Cargo.  Mr. Youngberg does not indicate that he ever received any threats or was intimidated in any

11  manner.  This testimony unfairly prejudices current counsel and the defendant.  It should be excluded.

12  **Page 64 through 71**

13         In redirect examination, the witness was asked a series of leading questions by way of being asked

14  to read from a statement containing questions and answers the witness gave on the night that he was

15  arrested.  The witness was read a question from the statement by AUSA Lombardi and then asked to read

16  the answer he previously gave.  This is improper redirect examination.  The witness has previously been

17  impeached with inconsistencies between his prior statement and his deposition testimony.  The witness

18  had also been questioned regarding matters he testified to in his direct deposition testimony that he didn't

19  describe or reveal in his questions and answers during the March 12, 2004 statement.

20         It is not proper during redirect examination to simply go through the prior statement of the

21  witness and read questions and answers.  It would have been proper for the government to ask, for

22  example, "were you asked anything about ..." and have the witness review the statement to see if in fact

23  he was asked such a question.  It would have also been proper to ask the witness to silently review the

24  prior statement to himself to refresh his recollection about what he had previously been asked.  The prior

25  statement, however, is a prior out of court statement for which the government is offering it for the truth

26  asserted in that statement.  As such, it is hearsay.  The manner of questioning was also leading.

27

28  **Defendant's Objections to Specific**
    **Questions and Answers in Depositions - 3**

**Page 67, Line 22**

Question:   Did you know why Kyle just wouldn't bring the borders (sic) across the border himself?

Mr. Camiel: I'm going to object.  It calls for speculation.  It's based on hearsay.  It's leading.

Answer: Because he would get examined at the border all the time.

Question: And how did you know that?

Answer: Because he had mentioned that he would, Adam mentioned that, that he couldn't go across the border ... .

**Additional Basis for Objection**

The above answer is based on hearsay.  Mr. Youngberg had previously testified that he never spoke with Mr. Gianis about crossing the border at any time.  All of his information came directly from Adam Tsoukalas.  This is thus hearsay.  It is not within the co-conspirator exception.  It was not something necessary to further the conspiracy.  At page 77 of the deposition, Mr. Youngberg was asked: Question:    It is fair to say that the information that you got about this trip across the border all came from Adam?

Answer: Yeah.

**2.  Adam Tsoukalas Deposition**

**Page 33, Line 8**

Question: Why would you hesitate to appear and testify at trial?

Mr. Camiel:   Objection as to relevance.

**Page 33, Line 17**

Question:   Can you tell me what you mean by that?

Mr. Camiel: Objection as to relevance.

Answer:  Well, by your admission, Mr. Gianis has affiliated or has ties to the Hells Angels so it's - I don't believe I'm safe in doing this.

**Additional Basis for Objection**

**Defendant's Objections to Specific
Questions and Answers in Depositions - 4**

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington  98104
(206) 624-1551  Fax:  623-5951

1    Defendant objects to any references to Mr. Gianis being affiliated with or having ties to the Hells

2    Angels.  Apart from the fact that it's not true, the witness indicates in his answer that he has been told

3    this by Mr. Lombardi.  He indicates "well, by your admission" referring to what Mr. Lombardi told him.

4    References to affiliations with notorious groups such as the Hells Angels add a level of prejudice and

5    unfairness into the case which cannot be rebutted by the defendant.  Apparently the witness has been told

6    by agents or the government things about Mr. Gianis that have caused the witness to be concerned.  This

7    is unfair and improper.  It should not be injected into the trial before the jury.  It should be excluded

8    pursuant to Federal Rule of Evidence 403 and 404.

9    **Page 35, Line 25**

10   Question:  Has anybody attempted to contact you on behalf of Mr. Gianis?

11   Mr. Camiel:   Objection as to relevance.

12   Answer:   I can't no - I can't - somebody - I have been contacted.  I'm not sure who contacted me.

13   Question:  Could you tell the court about that contact?

14   Answer: Well, it was both me and Mr. Youngberg.

15   Question:   Well let's, I, Mr. Youngberg's going to testify so let's just limit ourselves...

16   Answer:   Okay.

17   Question: ... to your experience.

18   Answer:   Roughly a month ago, my father and two of my brothers received phone calls from who they

19   said were United Cargo and that they needed to deliver a package immediately that day or else the

20   package would be sent to Calgary, I believe, and destroyed.  This happed actually over three or four days.

21   There were many phone calls.  And I didn't – actually, I didn't get in contact with them.  But it just

22   seemed very suspicious that there was a, a package waiting for me.

23   Question: Well, what were the person on behalf of United Cargo asking you to do?

24   Answer:   I didn't speak to them.

25   Question:   Okay.

26   Answer:   Personally.

27

28   **Defendant's Objections to Specific**
     **Questions and Answers in Depositions - 5**

1   Mr. Camiel:  I would object as to hearsay, then.  It appears that this entire answer is all based on hearsay.

2   Question:     Who were they talking to?

3   Answer:   They talked to my brother, Mike, my brother, Tony, and my father.

**Additional Basis for Objection**

4

5          In addition to the entire answer being based upon hearsay, it is irrelevant.  There is no indication

6   about any threats or intimidation.  It invites the jury to engage in speculation that is not necessary and

7   is prejudicial to the defendant.

**Additional Basis for Objection**

8

9          The witness had unexpectedly volunteered in an answer to defense counsel's earlier question a

10  reference to a steroid purchase from Mr. Gianis.  The use of steroids or whether or not the witness

11  purchased steroids from Mr. Gianis is completely irrelevant to any matter at issue in this trial.  It is

12  prejudicial.  It should be excluded.

**Conclusion**

13

14         Defendant has previously made a record with regard to his objections to the use of depositions

15  in lieu of live testimony at trial.  While maintaining those objections, defendant requests that the above

16  portions of the depositions be stricken/excised from the video depositions that will shown to the jury if

17  the court rules them admissible.

18         DATED this 29th day of May, 2008.

19

20                                                          Respectfully submitted,

21                                                            /s/   Peter A. Camiel

22                                                          Peter A. Camiel, WSBA #12596

23                                                          Attorney for Kyle Gianis

24

25

26

27

28  **Defendant's Objections to Specific**
    **Questions and Answers in Depositions - 6**

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington  98104
(206) 624-1551  Fax:  623-5951

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 29, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s) and plaintiff.

 /s/   Peter A. Camiel, WSBA #12596 

**Defendant's Objections to Specific
Questions and Answers in Depositions - 7**

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington  98104
(206) 624-1551 Fax:  623-5951