The Honorable Judge Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR04-334RSM |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KYLE GIANIS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

(CITED)

_____
PETER A. CAMIEL
Attorney for Defendant


DATED: June 2, 2008

DEFENDANT'S REQUESTED INSTRUCTION NO. 1

INSTRUCTION NO. ___

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Ninth Circuit Model Jury Instruction - 3.1 (2000 Edition)

DEFENDANT'S REQUESTED INSTRUCTION NO. 2

INSTRUCTION NO. _____

The indictment is not evidence. The defendant has pleaded not guilty to the charge.  The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

Ninth Circuit Model Jury Instruction - 3.2 (2000 Edition)

DEFENDANT'S REQUESTED INSTRUCTION NO. 3

INSTRUCTION NO. ____

A defendant in a criminal case has a constitutional right not to testify.   No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

Ninth Circuit Model Jury Instruction - 3.3 (2000 Edition)

DEFENDANT'S REQUESTED INSTRUCTION NO. 4

INSTRUCTION NO. ____

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Jury Instruction - 3.4 (2000 Edition)

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5

INSTRUCTION NO. _____

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Jury Instruction - 3.5 (2000 Edition)

DEFENDANT'S REQUESTED INSTRUCTION NO. 6

INSTRUCTION NO. _____

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

Ninth Circuit Model Jury Instruction - 3.6 (2000 Edition)

DEFENDANT'S REQUESTED INSTRUCTION NO. 7

INSTRUCTION NO. _____

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Jury Instruction - 3.7 (2000 Edition)

DEFENDANT'S REQUESTED INSTRUCTION NO. 8

INSTRUCTION NO. _____

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Jury Instruction - 3.8 (2000 Edition)

DEFENDANT'S REQUESTED INSTRUCTION NO. 9

INSTRUCTION NO. ____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness' memory;

3.      the witness' manner while testifying;

4.      the witness' interest in the outcome of the case and any bias or prejudice;

5.      whether other evidence contradicted the witness' testimony;

6.      the reasonableness of the witness' testimony in light of all the evidence; and

7.      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Ninth Circuit Model Jury Instruction - 3.9 (2000 Edition)

DEFENDANT'S REQUESTED INSTRUCTION NO. 10

INSTRUCTION NO. _____

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  Your determination must be made only from the evidence in the case.  The defendant is not on trial for any conduct or offense not charged in the indictment.  You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

Ninth Circuit Model Jury Instruction - 3.10 (2000 Edition)

DEFENDANT'S REQUESTED INSTRUCTION NO. 11

INSTRUCTION NO. _____

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Model Jury Instruction - 4.1 (2000 Edition)

DEFENDANT'S REQUESTED INSTRUCTION NO. 12

INSTRUCTION NO. _____

You have heard evidence of other crimes, acts or wrongs engaged in by the defendant. You may consider that evidence only as it bears on the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident and for no other purpose.

Ninth Circuit Model Jury Instruction - 4.3 (2000 Edition)

DEFENDANT'S REQUESTED INSTRUCTION NO. 13

INSTRUCTION NO. _____

You have heard evidence that witnesses Adam Tsoukalas and David Youngberg have been convicted of a felony. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe either of these witnesses and how much weight to give to the testimony of each of these witnesses.

Ninth Circuit Model Jury Instruction - 4.8 (2000 Edition)

DEFENDANT'S REQUESTED INSTRUCTION NO. 14

INSTRUCTION NO. ____

You have heard testimony from witnesses Adam Tsoukalas and David Youngberg .  That testimony was given in exchange for a promise by the government that the testimony will not be used in any case against the witnesses.  These witnesses also received favored treatment from the government in connection with this case, including government recommendations of lower sentences in exchange for these witnesses' cooperation.  These witnesses pleaded guilty to a crime arising out of the same events for which the defendant is on trial.  These guilty pleas are not evidence against the defendant and you may consider it only in determining these witnesses' believability.

For these reasons, in evaluating these witnesses' testimony, you should consider the extent to which or whether these witnesses' testimony may have been influenced by any of these factors. In addition, you should examine these witnesses' testimony with greater caution than that of other witnesses.

Ninth Circuit Model Jury Instruction - 4.9

(2000 Edition - Modified)

DEFENDANT'S REQUESTED INSTRUCTION NO. 15

INSTRUCTION NO. ____

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Jury Instruction - 4.17 (2000 Edition)

DEFENDANT'S REQUESTED INSTRUCTION NO. 16

INSTRUCTION NO. _____

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Model Jury Instruction - 5.6 (2000 Edition)

DEFENDANT'S REQUESTED INSTRUCTION NO. 17

INSTRUCTION NO. _____

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of conspiracy to distribute ephedrine, unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

Ninth Circuit Model Jury Instruction 6.9 (2000 Edition)

DEFENDANT'S REQUESTED INSTRUCTION NO. 18

INSTRUCTION NO. _____

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Ninth Circuit Model Jury Instruction - 7.1 (2000 Edition)

DEFENDANT'S REQUESTED INSTRUCTION NO. 19

INSTRUCTION NO. _____

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Ninth Circuit Model Jury Instruction - 7.2 (2000 Edition)

DEFENDANT'S REQUESTED INSTRUCTION NO. 20

INSTRUCTION NO. ____

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Jury Instruction - 7.4 (2000 Edition)

DEFENDANT'S REQUESTED INSTRUCTION NO. 21

INSTRUCTION NO. _____

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Jury Instruction - 7.6 (2000 Edition)

DEFENDANT'S REQUESTED INSTRUCTION NO. 22

INSTRUCTION NO. ____

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

Ninth Circuit Model Jury Instruction - 7.5 (2000 Edition)

DEFENDANT'S REQUESTED INSTRUCTION NO. 23

INSTRUCTION NO. ____

The defendant is charged in Count 1 of the indictment with conspiring to possess ephedrine with intent to distribute in violation of Section 841(c) and 846 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning at a date unknown and ending on or about March 12, 2004, there was an agreement between two or more persons to possess ephedrine with intent to distribute and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

Ninth Circuit Model Jury Instruction - 8.16

DEFENDANT'S REQUESTED INSTRUCTION NO. 24

INSTRUCTION NO. _____

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

Ninth Circuit Model Jury Instruction - 8.18 (2000 Edition)