The Honorable Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Cause No. No. CR04-334RSM |
| v. | |
| KYLE GIANIS, | **Defendant Gianis' Motion for New Trial** |
| Defendant. | NOTE FOR MOTION: JUNE 20, 2008 |

Comes now the defendant Kyle Gianis, through his attorney, Peter A. Camiel, and moves this Court pursuant to Federal Rule of Criminal Procedure 33 for a new trial. This motion is based upon facts adduced at trial.

**Basis of Motion**

During the government's closing argument, the government was discussing the sworn interview conducted by Border Patrol Agents with witness Adam Tsoukalas. During this discussion, the government referred to the fact that Mr. Tsoukalas had requested an attorney and, therefore, declined to answer questions regarding the ephedrine found in the trunk of the vehicle which he was driving. The government then went on to refer to the fact that Mr. Tsoukalas had the same legal rights as Mr. Gianis. Defense counsel immediately objected, the Court sustained the objection, and ordered the comments of the government attorney stricken. Despite the curative action taken by the Court, defendant seeks a new trial.

**Def. Gianis' Motion for New Trial**              -1-

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551  Fax: 623-5951

**Argument**

Rule 33 of the Federal Rules of Criminal Procedure authorizes the Court to grant a new trial if required in the interest of justice. "The rule may be applied where there is a finding of prosecutorial misconduct as well as when the trial court does not believe that the evidence supports the jury's verdict." United States v. Dixon, 658 F.2d 181, 193 (3rd Cir. 1981). Defendant Gianis argues that prosecutorial misconduct occurred during closing argument and that such mandates a new trial.

Improper argument by a prosecutor violates the constitution if it renders the trial so fundamentally unfair as to deny a defendant due process. Donnely v. DeChristoforo, 416 U.S. 637, 645 (1974). The Court should look to three factors to evaluate whether the misconduct caused prejudice: (1) The scope of the comments in the context of the trial; (2) the affect of curative instructions; and (3) the strength of the evidence.

This Court is in a unique position to gauge the seriousness of the misconduct, as well as the prejudice occasioned by these remarks. From an appellant standpoint, the determination of whether there was prosecutorial misconduct, and particularly whether the defendant was prejudiced by the misconduct has been viewed as follows:

> "We must ordinarily give great deference to the district judge's handling of the alleged misconduct during the trial period." United States v. Tahm, 665 F.2d 855, 860 (9th Cir. 1981).

Here, the government comments focused on two separate, but important constitutional rights of defendant Kyle Gianis. First, his right to counsel, and second, his right to remain silent.

As a starting point, it should be pointed out that this was a short trial involving extremely limited government evidence. The government had no forensic evidence connecting Mr. Gianis to the ephedrine, no incriminating statements by Mr. Gianis that were admitted before the jury, and no independent witnesses connecting Mr. Gianis to the ephedrine. The government's case rested heavily on two seriously flawed witnesses whose testimony was seriously compromised. It is in that context that the government comments during closing argument should be viewed.

**Def. Gianis' Motion for New Trial**          -2-

In <u>Doyle v. Ohio</u>, 426 U.S. 610 (1976), the United States Supreme Court emphasized that the 5th Amendment provision that no person shall be compelled in any criminal case to be a witness against himself carries an implicit assurance that silence will carry no penalty. This means that the government may not burden the defendant's exercise of his 5th Amendment right by commenting on the defendant's post-arrest silence at trial. <u>Griffin v. California</u>, 380 U.S. 609, 614 (1965).

The Ninth Circuit has held that when addressing comments on silence, it considers three factors: (1) The extent of the comments made; (2) whether an inference of guilt from silence was stressed to the jury; and (3) the extent of other evidence suggesting defendant's guilt. <u>United States v. Velarde-Gomez</u>, 269 F.3d 1023, 1034 (9th Cir. 2001) (en banc).

While the government's comments in this case were not particularly extensive, the government appeared to be attempting to draw a parallel between Mr. Tsoukalas who was admittedly guilty yet had exercised his right to seek an attorney and to remain silent and Mr. Gianis who chose not to testify at his trial. The third factor noted in <u>United States v. Velarde-Gomez</u>, "The extent of other evidence suggesting defendant's guilt" in this case weighs heavily in favor of the government's comments being improper and prejudicial.

In <u>United States v. Kallin</u>, 50 F.3d 689 (9th Cir. 1995), the court found it was error for the prosecutor to comment on defendant's retention of counsel and also error for the prosecutor to comment on defendant's silence. The Court noted that the reasoning of the United States Supreme Court in <u>Doyle v. Ohio</u> prohibiting comment on the defendant's exercise of his 5th Amendment right to remain silent extends to comments on a defendant's decision to retain counsel. <u>United States v. Foster</u>, 985 F.2d 466 (9th Cir. 1993); <u>United States v. Daoud</u>, 741 F.2d 478, 480-481 (1st Cir. 1984); <u>United States v. McDonald</u>, 620 F.2d 559, 562-563 (5th Cir. 1980).

The mandate of the Supreme Court in <u>Doyle v. Ohio</u> is that the prosecution not call attention to the defendant's silence. Here, the prosecuting attorney through its comparison of Mr. Tsoukalas and Mr. Gianis did just that.

**Def. Gianis' Motion for New Trial**   -3-

**Conclusion**

In the context of the extremely limited evidence the government presented against Mr. Gianis in this case, the reference to Mr. Tsoukalas having the same rights (to counsel and to remain silent) as Mr. Gianis was so prejudicial that the Court's curative instruction could not undo the damage done by the closing argument comments. For that reason, this Court should grant a new trial.

DATED this 10th day of June, 2008.

Respectfully submitted,
/s/   Peter A. Camiel
Peter A. Camiel, WSBA #12596
Attorney for Kyle Gianis

**Def. Gianis' Motion for New Trial**     -4-

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551 Fax: 623-5951

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s) and plaintiff.

    /s/   Peter A. Camiel, WSBA #12596
Attorney for Kyle Gianis

**Def. Gianis' Motion for New Trial**     -5-

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551 Fax: 623-5951