The Honorable Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>             Plaintiff, )<br>    v. )<br>KYLE GIANIS, )<br>             Defendant. )<br>_____ ) | Cause No.  No. CR04-334RSM<br><br>**Defendant's Reply Regarding Motion for New Trial** |

Comes now the defendant and replies to the government's response to defense motion for new trial and responds as follows:

The government makes two arguments in support of its opposition to defendant's motion for new trial. First, the government argues it never referred to defendant's failure to testify either explicitly or by implication. Second, the government argues that even if its closing argument was improper, it was not prejudicial. Third, the government goes to great length to try to justify its closing argument reference to Kyle Gianis' legal rights by suggesting that there was something improper in the manner in which defense counsel cross examined witness Tsoukalas.

<u>The Cross Examination of Tsoukalas did Not Invite a Reference to Mr. Gianis' Legal Rights.</u>

Defense counsel questioned witness Tsoukalas regarding a sworn statement that he gave to a government investigator on the night of his arrest. Specifically, defense counsel questioned Tsoukalas about his failure to answer two specific questions: Tsoukalas was asked, "When did you know that there

**Defendant's Reply Regarding**
**Motion for New Trial** - 1

<i>Mair & Camiel, P.S.</i><br>710 Cherry Street<br>Seattle, Washington 98104<br>(206) 624-1551 Fax: 623-5951

was ephedrine in the car?" Answer: "I can't answer that." Tsoukalas was also asked, "Do you know who put the ephedrine in the trunk of the car?" Answer: "No answer." It was not until five questions later that Tsoukalas indicated he wanted to talk to a lawyer first before answering any more questions. Defense counsel did not seek to question Tsoukalas at all about his request for an attorney, his exercise of his right to remain silent or his responses to any questions he was asked after he was requested an attorney.

The government used Tsoukalas' exercise of his right to remain silent and his right to an attorney to highlight Kyle Gianis' exercise of those same rights. Tsoukalas, however, was a witness and suffered no prejudice from his exercise of his right to remain silent or right to retain an attorney. Kyle Gianis on the other hand was a trial defendant and reference to his exercise of his 5th Amendment and 6th Amendment rights directly prejudiced him.

In attempting in impugn the defense cross examination of witness Tsoukalas, the government ignores the fact that defense counsel's attack of Tsoukalas' credibility was well founded. Witness Youngberg testified that he specifically was told by witness Tsoukalas to make up a story Kyle Gianis having borrowed Youngberg's car. In addition, during the sworn statement of Tsoukalas which defense counsel was focusing on during cross examination of Tsoukalas, defense counsel first pointed out that Tsoukalas originally answered that he was just going to the Bellsfair Mall to go shopping.

<u>Whether or not the Government Actually "Intended" to Comment on Defendant's Failure to Testify or his Retention of an Attorney, the Comments were Improper.</u>

As the government points out, in <u>Griffin v. California</u>, 38 U.S. 609, 615 (1965) an indirect comment on the defendant's failure to testify violates <u>Griffin</u>, not only if it is intended to call attention to a defendant's failure to testify, but also if it is "of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify." <u>Hovey v. Ayers</u>, 458 F3d 892, 912 (9th Cir. 2006).

The government's argument that it was entitled in rebuttal to point out that Tsoukalas had a constitutional right to remain silent misses the point. The government could have made this point without

**Defendant's Reply Regarding
Motion for New Trial** - 2

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551  Fax: 623-5951

reference to Kyle Gianis. Instead, the government chose to deliberately make reference to Kyle Gianis' legal rights. Proper rebuttal would have been to indicate to the jury that Adam Tsoukalas exercised his right to remain silent. The government crossed the line when it specifically referenced by name Kyle Gianis.

This case is distinguishable from United States v. Soulard, 730 F.2d 1292 (9th Cir. 1984) cited by the government. Soulard involved a government reference to the defense failing to put on "any evidence." In Soulard, the court pointed out that while a prosecutor may properly comment upon defendant's failure to present exculpatory evidence as long as it is not phrased to call attention to the defendant's own failure to testify. United States v. Passaro, 624 F.2d 938, 944 (9th Cir. 1980), *cert. denied*, 449 U.S. 1113 (1981).

Contrary to the government's position, even indirect references on the failure to testify can violate the 5th Amendment privilege. A reviewing court must look at all of the surrounding circumstances in determining whether or not there has been a constitutional violation. Butler v. Rose, 686 F.2d 1163, 1170 (6th Cir. 1982). A prosecutor's comment does not need to be direct, rather, a prosecutor may run afoul of the rule in Griffin by making such comments inferentially. See, Glantz v. United States, 810 F.2d 316, 322 (1st Cir. 1987).

The government misses the import of the comments it made during its closing argument in this case. Those comments went not only to defendant's right to remain silent, but also to defendant's right to an attorney. The government's comparison of Mr. Gianis to Mr. Tsoukalas in terms of having the same rights was simply a clever way of pointing out that Mr. Gianis had exercised his own right to remain silent and had retained an attorney just as Mr. Tsoukalas had.

The Prosecutor's Comments were Prejudicial.

Despite the Court's instruction to the jury to disregard the prosecutor's comments, in the context of this case, the comments were prejudicial.

The government in its responsive pleading does not argue nor can it properly argue that it had an overwhelming case against the defendant. This was a very close case. The government's case rested

**Defendant's Reply Regarding Motion for New Trial** - 3

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551  Fax: 623-5951

heavily on the credibility of its two cooperating witnesses as there were no neutral witnesses to support the government's contentions nor was there any forensic evidence nor any admissible statements by the defendant. Given the limited evidence that the government had to support its case, any improper comments about the exercise of the right to counsel or the right to silence would have been prejudicial. Thus, the even indirect reference to two of Kyle Gianis' fundamental constitutional rights – to remain silent and to retain counsel – unfairly infringed upon Kyle Gianis' exercise of his rights to the point of prejudice.

DATED this 24th day of June, 2008.

Respectfully submitted,

/s/   Peter A. Camiel

Peter A. Camiel, WSBA #12596

Attorney for Kyle Gianis

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s) and plaintiff.

/s/   Peter A. Camiel, WSBA #12596
Attorney for Kyle Gianis

**Defendant's Reply Regarding Motion for New Trial** - 5

*Mair & Camiel, P.S.*
710 Cherry Street
Seattle, Washington 98104
(206) 624-1551  Fax: 623-5951